LEWIS K. STONER, RESPONDENT, v. NEW YORK LIFE INS. CO., APPEL-
LANT.—114 S. W. (2d) 167.

Kansas City Court of Appeals.   January 31, 1938.

*Culver, Phillip, Kaufmann & Smith* for respondents.

*Clark, Boggs, Peterson & Becker, Howard B. Lang, Jr., Dean Leopard* and *Same T. Evans* for appellants.

*Louis H. Cooke,* of Counsel.

BLAND, J.—This is an action to recover monthly income benefits upon two similar accident policies insuring plaintiff against total and permanent disability. There was a verdict and a judgment in favor of the plaintiff in the sum of $1842 and defendant has appealed.

This is a companion case to that of Lewis K. Stoner v. New York Life Insurance Company, 90 S. W. (2d) 784, decided by this court. That suit arose in the Buchanan Circuit Court and involved four policies of accident insurance, identical except as to dates and amounts, and was to recover benefit installments for total disability for a period running from September 29, 1933 to March 29, 1934. This court reversed the judgment for the defendant in that case and remanded the cause for a new trial.

After the case reached the lower court plaintiff, in June, 1936, instituted two suits, one in the same court and the other in the Platte Circuit Court, each suit being based on two of the four policies involved in the first case. In each of these two cases plaintiff sued to recover twenty-six monthly installments that had become due during the twenty-six months subsequent to the period covered by the first suit, that is, from March 29, 1934 to May 29, 1936. The present case went to the Daviess Circuit Court on a change of venue.

We need not state the facts involved in this case for the reason that they are fully set forth in the opinion of this court in the first case.

Defendant insists that the court erred in refusing its instruction in the nature of a demurrer to the evidence. In this connection it is admitted that this court, in the first case, held that plaintiff made out a submissible case, but it is stated that the evidence in this case is different from that in that case, in that, in this case, plain-

tiff's evidence shows that he is now engaged in operating and managing a farm and is earning a livelihood therefrom and, in addition, makes a profit which he divides with his landlord.

It is true that plaintiff's evidence so shows. While the opinion in the first case does not state directly those to have been the facts in that case, it does so inferentially.

However, the court said, l. c. 794; "There is evidence tending to show that, by reason of his (plaintiff's) injuries, he has been wholly unable since sustaining them to do any of the material acts requited in the actual work or farming in the operation and management of said farms or in the prosecution of any business in connection with the operation of said farms involving manual labor, although he has been able, through great efforts attended with much pain and suffering, to direct the operation and management of the same in an imperfect way through others, and has himself been able to ride around and over parts of said farms and to inspect the conditions thereon in a general way and to exercise his judgment with respect to such conditions and with respect to the management and the operation of such farms and the farm work to be done thereon, and to give directions with respect thereto.

"It has been held that the fact that one does that which he is unable to do without great physical pain and effort or without endangering his health or life or that which common preference or care would require one in his condition to desist from doing does not as a matter of law show that he is not totally disabled. [Moss v. Metropolitan Life Insurance Company, supra, and authorities therein cited." [See, also, Smith v. Metropolitan Life Insurance Company, 108 S. W. (2d) 995.]

Defendant states that in the opinion in the first case we said "that it must be shown that plaintiff was performing his duties in such a way as to earn his livelihood" and if such were shown he was not totally disabled. This is a misconception of what we said at page 795 of the opinion. An examination of the opinion on that page discloses the following comment upon defendant's instructions: "They should have required the jury to find that he was able substantially to perform the duties of his occupation as a farmer *in the normal, natural and customary way* and in such a way as to earn a livelihood." (Italics ours.)

There was evidence in the case at bar, from which the jury could say, although plaintiff did perform certain of his farm duties, which resulted in his earning livelihood and making a profit in addition, there was also evidence from which the jury could find that what farming operations he was able to carry on were performed through great effort attended with much pain and suffering and the work was done by the assistance of others. In other words, while he was able

to do and did perform the work, it was also shown that he could not have prudently done so.

It is insisted that the court erred in overruling defendant's plea in abatement, for the reason that the evidence shows that there was a prior action pending involving the same controversy and cause of action, that is, the original case brought, which was reviewed by this court in the former appeal. It is also claimed that the issues in the two cases were identical; that they both involved the same disability resulting from the same accident; that the same policies were involved and that the disabilities and injuries which are the subject of both actions are of a permanent and fixed character, consisting of a previously fractured and now a stiff and ankylosed and immovable ankle and that a judgment in the original cause would be res adjudicata between the parties.

It is well settled that defendant should not be vexed, oppressed or harrassed by the pendency against him, at the same time, of two actions based on the same cause of action, at the instance of the same plaintiff who has a complete remedy by one of them, the rule being designed to prevent unnecessary or vexatious litigation and to prevent a multiplicity of suits. [State ex rel. Aetna Life Insurance Company v. Knehans, 31 S. W. (2d) 226; Pocoke v. Peterson, 256 Mo. 501.]

We do not think that a judgment in the first case would be res adjudicata of the issues in this case. The policies provided that disability should be considered total whenever insured became so disabled by bodily injury or disease that he is wholly prevented from performing any work or following any occupation or from engaging in any business for remuneration or profit. They provided that defendant would pay plaintiff stipulated monthly benefits during the continuance of his total disability, upon receipt of due proof that insured was totally and presumably permanently disabled; that if due proof was submitted that insured was totally disabled and would be continuously so disabled for life, or if the proof submitted was not conclusive as to the permanency of such disability but establishes that the insured was, and for a period of not less than three consecutive months immediately preceding receipt of proof had been, totally disabled, income payments would be made during the period of his disability, providing the company might demand due proof of the continuance of total disability once each year after such disability had continued for two full years and, upon the failure to furnish such proof, or if insured performed any work or performed any occupation or engaged in any business for remuneration or profit, no further income installments should be payable.

In the trial of the issues under the plea in abatement it was agreed that the injuries that plaintiff had received were fixed and permanent in character but defendant refused to admit or agree that

plaintiff was unable to work or that his disability was total, that is, that plaintiff had been permanently disabled from working.

It is quite apparent from a reading of the provisions of the policies that it was not the intention that total disability which might be established for a one year period should also establish the same for a subsequent period. The question involved in each suit was the continued total disability for the period for which recovery was sought. The policies provided that installments should be payable during the continuation of total disability upon proof that plaintiff was *presumably* totally disabled or if the proof submitted was not conclusive as to the permanency of such disability, but established that the insured was and, for a period of not less than three consecutive months immediately preceding receipt of proof, had been, totally disabled, the company during the time, would waive the payment of premiums and pay a monthly disability benefit, providing that the company might demand each year, after the disability had continued for two years, proof that total disability still continued.

It is true that the petition in both cases alleges that plaintiff was permanently and totally disabled. However, the provisions of the policies that we have referred to were set out in the petitions and it is quite apparent that plaintiff alleged more than he was required to prove, in that he was required to prove only total disability for the period covered by the petition. He was entitled to recover if he became totally disabled within the meaning of the policies and the proof submitted was not conclusive as to its permanency but established that for a period of not less than three consecutive months immediately preceding the receipt of proof, he had been totally disabled. "Where the pleadings present two or more distinct propositions, and the verdict or judgment may be referred to either, or both, or all, it is not conclusive on any one of the questions involved, until proper evidence is introduced to show that the particular point was tried and adjudicated." [34 C. J., p. 922.] "In the absence of proof that a particular issue actually was tried and determined in arriving at a former judgment, it is conclusive, by way of estoppel only as to those facts without the existence and proof or admission of which it could not have been rendered, in other words, it is conclusive evidence of what ever it was necessary for the court or jury to have found in order to warrant the decision or verdict in the former action, and no further." [34 C. J., p. 927.]

This case is unlike that of Boillot v. Income Guaranty Company, 102 S. W. (2d) 132. In that case insured was a piano tuner and lost a portion of his hand, which rendered it impossible for him to further pursue his occupation. The court said that it would take judicial notice that a hand or any part thereof will not grow back. The policy in that case provided for benefit payments should insured become totally and permanently disabled. The only difference

between the first and second suit was that they covered two periods of disability. The court held that the judgment in the first suit was *res adjudicata* of the issues in the second. The difference between that case and this one is that the policies in this case, unlike the one in the Boillot case, do not require proof of permanent disability in order for the plaintiff to recover.

However, it appears that defendant brought suit in the United States District Court for the purpose of enjoining the prosecution of these various cases on the ground that they constituted a vexatious multiplicity of actions. The cause reached the Court of Appeals where, a point similar to the one now raised, was decided against the defendant herein, the court holding that the judgment in one case would not be *res adjudicata* in a suit in another. Defendant "admits that the judgment of the United States Court of Appeals has, therefore, become the law in this case and in our opinion must be so held." We have been furnished a copy of the opinion in that case, which is entitled New York Life Insurance Company v. Lewis K. Stoner. It appears that said opinion has not yet been published.

It is insisted that the court erred in giving plaintiff's instruction No. One, which reads as follows:

"The court instructs the jury that if you believe from the evidence that at the time the policies sued on were issued and on the 29th day of June, 1931, plaintiff was a farmer directing the business of a farm for himself and working at farm labor on a farm or farms owned or rented by him, and that the planting, sowing, cultivation and harvesting of crops and the feeding of live stock were and are a substantial and material part of the work to be performed and which was performed by the plaintiff in carrying on his occupation as a farmer prior to the time plaintiff was injured, and if you further find from the evidence that as a result of an accidental injury sustained on the 29th day of June, 1931, plaintiff from that date up to this date has not been able to and presumably never will be able to perform any and all of said work of planting, sowing, cultivating and harvesting crops and feeding livestock in the customary and usual way he could have performed such work if he had not been injured, and that because of his age, lack of education, training and experience and his injury he is not qualified and able to engage in any other business or calling from which he could earn a livelihood, then the plaintiff is 'totally disabled' within the meaning of the policies sued on and within the meaning of the court's instructions, and your verdict will be for the plaintiff on both counts of the petition. . . . And the court further instructs you that if you so find the facts to be, then it is no defense to this suit that the plaintiff is able to walk with a cane or drive a car or to do some work on or about his farm or in connection with the operation there-

1054

of, or hire and direct others to operate the farm or farms mentioned in the evidence."

We are of the opinion that this instruction is erroneous. It does not submit plaintiff's entire duties as a farmer but, on the contrary, singles out certain duties and directs a verdict if plaintiff was unable to perform those duties. At the trial of the case plaintiff contended that his duties before his injury consisted mainly of strenuous physical labor and that subsequent thereto he has been unable to perform any manual labor. While defendant admitted that plaintiff, after his injury, was not able to perform any manual labor, it insisted that he had engaged in the occupation of farm manager, operator and supervisor and in buying and trading in farm commodities and that plaintiff had been able to earn a livelihood, and more, in pursuit of these duties.

This court in the appeal in the other case held that it was improper, in instructing the jury, for the defendant to have separated plaintiff's duties so as to make his occupation twofold instead of single, that is, to proceed on the theory that he was engaged in the occupation of farm owner, operator and manager and, also the occupation of farmer engaged in actual farming operations on the farms, which included farm labor, itself. It was held that the evidence shows that plaintiff was engaged in but one occupation that included both the management and operation of the farms and his own labor in the actual farming operations; that the instructions should have viewed plaintiff's occupation as a whole and submitted whether he could have substantially performed that occupation.

We further held, l. c. 797, that the conceded inability of plaintiff to perform labor, which was part of his substantial duties, would not justify, as a matter of law, a verdict for the plaintiff; that plaintiff would not be entitled to recover if, notwithstanding he could not perform farm labor by reason of his injuries, if he nevertheless had the ability to substantially perform his occupation by discharging duties other than farm labor. We expressed this thought in somewhat different language. See, l. c. 796, 797, where we said: "Plaintiff is not to be denied benefits by reason of the provisions of said clause by reason of his conduct in undertaking to operate and manage his said farms and to direct farming operations thereon *unless in such undertaking he is able to perform in a substantial way all of the material duties of his occupation as a farmer engaged in the actual operations which he is undertaking to perform.*" (Italics ours.)

Plaintiff, by his instruction No. One has failed to follow our ruling in the former appeal. The instruction fails to submit to the jury plaintiff's duties as a whole but attempts to separate those duties as between those involving farm labor and those involving the remainder of his occupation.

The instruction is also clearly erroneous under the holding in the case of Heald v. Aetna Life Insurance Company, 104 S. W. (2d) 379. In that case it was held, in effect, that the fact that some substantial duties cannot be performed does not necessarily mean that the insured cannot substantially perform his occupation in its entirety; that the duties, substantial or otherwise, should not be separated and the jury told that if this or that duty was substantial and could not be performed, plaintiff can recover; that the jury must be allowed to consider the substantial duties, as a whole, or in their entirety, see l. c. 383, to determine whether the occupation can or cannot be performed. In other words, the duties of the occupation must be viewed as a whole and not by piecemeal in order to determine whether the occupation can be performed.

Instruction No. One not only submits a part of plaintiff's duties but it withdraws from the jury's consideration matters effecting his ability to perform other duties.

It is insisted that the court erred in giving plaintiff's instruction No. Five, which reads as follows: "The Court instructs the jury that there is no evidence in this case that the plaintiff has engaged in the business or occupation of a farm manager."

This instruction was erroneous. While we held in the appeal in the other case that plaintiff's occupation was not confined to the duties of farm manager, but included those of labor on the farm, the instruction is misleading, in that, when read in connection with plaintiff's instruction No. One, it tends to leave the impression on the jury that they are not to consider plaintiff's duties as a farm manager. As before stated, the sole question for their attention was whether plaintiff was disabled from performing his occupation.

It is insisted that the court erred in giving plaintiff's Instruction No. 7, which reads as follows: "The Court instructs the jury that a farmer is one who directs for himself the management of a farm or farms owned or rented by him and works thereon at farm labor." We see no error in this instruction. While there are many kinds of farmers and the definition contained in the instruction would not fit every case, it properly defines the character of farmer applicable to plaintiff. We so described plaintiff in the former appeal.

There was no error in the refusal of defendant's instructions E, H and K. All of these instructions treated plaintiff's duties as a farm manager separately from those involving manual labor on the farm. This was held to be improper in the appeal in the other case.

At another trial it will not be proper for plaintiff to ask a witness whether the planting, sowing, cultivating and harvesting of crops, are among the substantial duties of a farmer. This case was tried in a farming community and the jurors presumably knew what were the substantial duties of a farmer, such as plaintiff. This was one of the vital questions for their determination and such evi-

dence invades the province of the jury. We are not required to decide whether the admission of this evidence constituted *reversible* error, under all of the facts in the case, but merely that it constituted error and the matter should not be injected into the case at the next trial.

At another trial, if Dr. Settles, a witness for the defendant, testifies to facts tending to show that plaintiff is able to perform substantial farm work of a nature not admitted by the parties that he cannot perform, it will be competent to impeach the Doctor by inquiring of him as to whether he did not testify in the first case, as follows: "Q. Any way he cannot do the ordinary substantial work of a farmer, is that right? A. No, sir."

The judgment is reversed and the cause remanded. All concur.