## STONER *v.* NEW YORK LIFE INSURANCE CO.

No. 74. Argued November 13, 1940.—Decided December 23, 1940.

*Mr. Kendall B. Randolph* submitted for petitioner.

*Mr. William H. Becker,* with whom *Messrs. Paul M. Peterson* and *Louis H. Cooke* were on the brief, for respondent.

MR. JUSTICE MURPHY delivered the opinion of the Court.

Respondent insurance company brought this suit in the federal district court for a declaratory judgment that it was no longer obligated to make disability payments to petitioner or to waive payment of premiums under the total disability clauses of insurance policies issued to petitioner prior to 1931. The question is whether the Circuit Court of Appeals should have followed two decisions of the Kansas City Court of Appeals in earlier suits between the same parties.

In June, 1931, petitioner fell and seriously injured his left ankle. The injury is permanent. For about two

years after the injury, respondent paid petitioner the total disability benefits and waived premiums. In October, 1933, it notified him that it intended to cease benefit payments and waiver of premiums because it no longer considered him totally disabled.

In April, 1934, petitioner brought suit in a Missouri state court for the disability payments allegedly due and unpaid at that time. From a verdict and judgment for respondent he appealed to the Kansas City Court of Appeals, an intermediate state appellate court. That court held that petitioner's evidence was sufficient to take the case to the jury and that the trial judge erred in giving certain instructions. It reversed and remanded the case for a new trial. 90 S. W. 2d 784. Respondent thereupon sought a writ of certiorari from the Missouri Supreme Court but was unsuccessful. In consequence, the action is still pending but has not yet been retried.

In June, 1936, after remand of the first case, petitioner instituted two more actions, also in Missouri state courts, to recover disability benefits which allegedly had accrued since commencement of the first suit. One action was tried and this time petitioner secured verdict and judgment from which respondent appealed. The Kansas City Court of Appeals again reversed because of error in the instructions, although it held that petitioner's evidence presented a case for the jury. It remanded the action for a new trial. 232 Mo. App. 1048. 114 S. W. 2d 167. Both of these actions also are pending trial.

At this juncture respondent, a New York corporation, started the present suit against petitioner, a resident of Missouri, in the District Court for the Western District of Missouri. It sought a declaratory judgment that petitioner was not totally disabled within the meaning of the disability clause, and hence, that respondent was not liable for disability payments or waiver of premiums from June, 1936, until the date of suit. To prove its case re-

spondent introduced the transcript of testimony taken in the second of the earlier suits. Petitioner supplemented the transcript by a statement of respondent against interest, a personal deposition, and the testimony of another doctor. The trial, without a jury, resulted in a judgment for petitioner, the district judge finding that petitioner was totally disabled within the meaning of the policies. The Circuit Court of Appeals reversed, however, holding that the evidence established that petitioner was not totally disabled. It remanded with directions to enter a declaratory judgment as prayed by respondent. 109 F. 2d 874. We granted certiorari on October 14, 1940.

We are of opinion that the Circuit Court of Appeals erred in failing to follow the two decisions of the Kansas City Court of Appeals in earlier suits between the same parties involving the same issues of law and fact.

We have recently held that in cases where jurisdiction rests on diversity of citizenship, federal courts, under the doctrine of *Erie Railroad Co.* v. *Tompkins,* 304 U. S. 64, must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently. *West* v. *American Telephone & Telegraph Co., ante,* p. 223; *Fidelity Union Trust Co.* v. *Field, ante,* p. 169; *Six Companies of California* v. *Joint Highway District, ante,* p. 180. In particular this is true where the intermediate state court has determined the precise question in issue in an earlier suit between the same parties, and the highest court of the state has refused review. *West* v. *American Telephone & Telegraph Co., supra.*

Twice the Kansas City Court of Appeals has had before it appeals involving the same parties, insurance contracts, and facts as are involved here. *Stoner* v. *New York Life Ins. Co.* 90 S. W. 2d 784; *Stoner* v. *New York Life Ins. Co.,* 232 Mo. App. 1048; 114 S. W. 2d 167. Each time respondent argued that petitioner's evidence failed to

present a submissible case. 90 S. W. 2d 784, 790; 232 Mo. App. 1048; 114 S. W. 2d 167, 168. Each time the Kansas City Court of Appeals expressly stated that the evidence as to total disability presented a question for the jury. 90 S. W. 2d 784, 794, 797; 232 Mo. App. 1048; 114 S. W. 2d 167, 169. Moreover, in approving or disapproving certain instructions it marked out the limits of the test the jury was to employ in determining the existence or non-existence of total disability within the meaning of the policies.

It is apparent, then, that the question of total disability, on the evidence before the court in those two cases, is a question for the jury under instructions embodying the test the Kansas City Court of Appeals approved. Under the rule of the *West, Six Companies,* and *Field* cases, *supra,* it was error for the Circuit Court of Appeals to hold, in effect, that the evidence would not support the finding of the trial judge that there was total disability, unless convincing evidence indicated that the Missouri Supreme Court would decide differently.

The present case is not different merely because there are now in the record a statement against interest, a deposition of petitioner, and the testimony of a doctor which were not in the record in the earlier cases. The three items of evidence were introduced by petitioner and, if anything, weaken respondent's case. Moreover, apart from these three items, the evidence in the present case consists of the transcript the Kansas City Court of Appeals had before it when it wrote the opinion in the second appeal (232 Mo. App. 1048; 114 S. W. 2d 167).

Nor is there any indication that either the Kansas City Court of Appeals or the Missouri Supreme Court would decide this case differently. Certainly there is nothing to suggest that the Kansas City Court of Appeals now would conclude that the evidence is insufficient after it has held that the same evidence presented a question for the jury. And while the concept of total disability is

inseparable from the facts to which it is applied, *Heald* v. *Aetna Life Insurance Co.*, 340 Mo. 1143, 104 S. W. 2d 379, indicates that the Missouri Supreme Court likewise would conclude that a finding of total disability here is supported by the evidence. See also *Foglesong* v. *Modern Brotherhood*, 121 Mo. App. 548; 97 S. W. 240; *James* v. *U. S. Casualty Co.*, 113 Mo. App. 622; 88 S. W. 125; *Bellows* v. *Travelers' Insurance Co.*, 203 S. W. 978, which were approved in the *Heald* case.

Furthermore, the test for determining total disability approved in the *Heald* case was employed in the first and followed in the second of the appeals to which we have referred. 90 S. W. 2d 784, 793, 795; 232 Mo. App. 1048; 114 S. W. 2d 167, 171, 172. It has been employed consistently since the *Heald* case was decided. *Eden* v. *Metropolitan Life Ins. Co.*, 138 S. W. 2d 745; *Comfort* v. *Travelers' Insurance Co.*, 131 S. W. 2d 734; *Rogers* v. *Metropolitan Life Ins. Co.*, 122 S. W. 2d 5; *Wright* v. *Metropolitan Life Ins. Co.*, 115 S. W. 2d 102. The same test was used by the district judge in the present suit. He applied it to the evidence which the Kansas City Court of Appeals twice has said presented a question for the jury; and, since the case was tried to the court, he determined that the evidence established total disability. We think it is immaterial that in the earlier suits the burden was on petitioner to prove total disability while here the courts below assumed the burden is on respondent to show that total disability no longer exists.

We conclude that it was error to direct the entry of a declaratory judgment for respondent. It was proper, however, to deny petitioner's motion to dismiss for want of the necessary amount in controversy since a judgment in favor of respondent would determine petitioner's claim to both benefit payments and waiver of premiums. The judgment of the Circuit Court of Appeals is reversed and that of the District Court is affirmed.

*Reversed.*