**NIEHAUS et al. v. MAGNOLIA TEXTILES, Inc.**

No. 12559.

United States Court of Appeals
Fifth Circuit.

July 20, 1949.

Rehearing Denied Aug. 26, 1949.

Motion for Leave to File Additional Petition
for Rehearing Denied Oct. 3, 1949.

W. S. Henley, Jackson, Miss., William C. Connett, IV, St. Louis, Mo., for appellants.

Ben F. Cameron, Meridian, Miss., Lester E. Wills, Meridian, Miss., George E. Shaw, Jackson, Miss., Robert E. Perry, Jackson, Miss., O. W. Phillips, Magnolia, Miss., L. Arnold Pyle, Jackson, Miss., for appellee.

Before HUTCHESON, SIBLEY and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Magnolia Textiles, Inc., in 1942 conveyed an unused factory building in McComb, Mississippi, with a covenant in the deed and running with the land that the property should not be used directly or indirectly for any type of textile industry for a period of ten years without grantor's written consent. In the early part of 1948 persons who then held title were about to lease the property to Harry Niehaus, who was acting for Ely and Walker Dry Goods Company, for use as a garment manufacturing plant. Magnolia Textiles, Inc., refused to consent to this use, and claimed it would be a breach of the covenant; and a controversy having thus arisen, Magnolia Textiles, Inc., sought and obtained a declaratory decree in the United States District Court that the covenant is reasonable and binding, and prohibits the intended use of the premises, and that such use would be a violation thereof. Meanwhile the owners and intending lessors brought in the Chancery Court of Mississippi against Magnolia Textiles, Inc., a bill to quiet their title as against its claim that the property could not be leased or used for the purpose of a garment manufacturing plant as proposed, and sought a decree that their title is free and clear of this cloud upon it. The Chancery Court arrived at a conclusion opposite to that of the District Court. Shortly after the decree of the Chancery Court was brought before the District Court as one ground of a motion for new trial, which was denied. Magnolia Textiles, Inc., appealed the decree of the Chancery Court to the Supreme Court of Mississippi, and Niehaus and Ely and Walker Dry Goods Company appealed the decree of the District Court to this Court. Since the argument in this court the Supreme Court of Mississippi has affirmed

978

the decree of the State Chancery Court. Magnolia Textiles, Inc., v. Gillis et al., Miss., 41 So.2d 6.

■ We are of opinion that it is our duty to follow the decision of the Mississippi court. The question is one of the meaning and effect of a real covenant running with land in Mississippi, governed by State law. The jurisdiction of the federal court rests only on diversity of citizenship. The same covenant should mean the same thing in both courts touching the same situation. The view of the Supreme Court of Mississippi must be followed though announced pending this appeal. Vanderbark v. Owens-Illinois Glas Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327. See also Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284. The judgment of the District Court is accordingly reversed and the complaint of Magnolia Textiles, Inc., is directed to be dismissed.

Reversed.

On Motion for Rehearing

■ The motion for rehearing correctly argues that the Supreme Court of Mississippi did not lay down any principle of State law in its decision in the case before it, but merely affirmed a conclusion of the chancellor upon a construction of the deed which depended on evidence; so that the principles stated in Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and cases following it, do not apply. But our decision in this case rests rather on principles of res judicata. The litigation in the courts of Mississippi has resulted in a final judgment on the merits between Magnolia Textiles, Inc., and the present owners of the property that the title of the latter is free and clear of the cloud that Magnolia asserted that the property could not be used as a garment factory. This judgment is conclusive not only between the parties to it, but also those in privity with them since the judgment. 30 Am.Jur., Judgments, Secs. 223, 225, 226. Niehaus or any one else who now takes a lease or other conveyance of any interest from these owners will become such a privy, and have the benefits and burdens of the judgment. The federal court cannot now declare, as Magnolia seeks to have it do, that such lessee cannot use the property as a garment factory. The judgment of the Mississippi courts prevents such a declaration. The motion for rehearing is denied.