Rueben **EBEL** et al., Plaintiffs,

v.

**SPENCER CHEMICAL COMPANY,**
Defendant.

Civ. A. No. 14543-4.

United States District Court
W. D. Missouri, W. D.

March 31, 1964.

Vogel, Ulmer & Bair, by Robert Vogel, Mandan, N. D., Edward L. Scheufler, Kansas City, Mo., for plaintiffs.

Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for defendant.

BECKER, District Judge.

This is an action for damages in six counts originally filed in this Court by twenty North Dakota residents with similar claims against the defendant Missouri corporation for damages alleged to have been caused by the application of a herbicide ("Carbyne") manufactured and sold by defendant, and applied to crops of the plaintiffs in the year 1962.

In the six counts plaintiffs base their claims on express and implied warranties, negligence based on breach of both common law and statutory duties and fraud, deceit and misrepresentation.

Damages are sought in the total amount of $120,000.00, together with plaintiffs' costs and disbursements and such other relief "as to the Court seems just."

Plaintiffs have now moved the Court for a change of venue to the Southwestern Division of the District of North Dakota under the provisions of Section 1404(a), Title 28 U.S.C.A. The motion is supported by suggestions and affidavit.

Defendants object to the change of venue on the sole ground that the District of North Dakota "is not one 'where it might have been brought.' 28 U.S.C. § 1404(a)."

Section 1404(a) of Title 28 U.S.C.A. which governs this decision reads as follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The meaning of the limitation "where it might have been brought" has caused much disagreement. In the leading case of Foster-Milburn Co. v. Knight (C.A.2) 181 F.2d 949, Judge Learned Hand held that a case could not be transferred on the motion of the plaintiff to a district where defendants were not subject to process. The first Circuit rejected the Foster-Milburn rule as "a gloss" on the statute, In re Josephson (C.A.1) 218 F.2d 174, l. c. 185. And the commentators have been uniformly critical of the rule, Wright, Federal Courts 143–44; 1 Moore, Federal Practice ¶ 0.145 [6.–2] at pp. 1791–94; 1 Barron and Holtzoff, Federal Practice and Procedure § 86.2 at pp. 413–16. However the decision of the United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254, adopts the theory of the Foster-Milburn case, supra, and forecloses the issue in this Court. Wright, Federal Courts 143–44, 1 Moore, Federal Practice ¶ 0.145 [6.–2] at 1792; 1 Barron and Holtzoff, Federal Practice and Procedure § 86.2 (Supp.1964 at pp. 161–62).

Therefore, assuming that this cause presents a proper case for the exercise of this Court's discretion to order transfer, transfer is proper only if service of process could be obtained on the defendant in the transferee district, the District of North Dakota. On this question and in a similar case, the District Court of North Dakota for the Second Judicial District, at Devils Lake, North Dakota, has decided that an action of this type could have been brought and service obtained on the defendant in North Dakota. Stenberg, et al. v. Spencer Chemical Co., et al., August 31, 1963.

Defendant seeks to avoid the effect of this ruling by saying:

" * * * it should be noted that on the 21st day of September, 1963, Spencer Chemical Company appealed from this decision and that this

appeal is pending at this time. Even if such appeal is dismissed as premature, the objection of Spencer Chemical Company to the jurisdiction of the North Dakota Court will be preserved pending a final determination of the North Dakota case."

The answer to this argument of the defendant is that this Court is bound by the opinion of the North Dakota District Court for the Second Judicial Circuit on this issue. As stated by the United States Supreme Court in Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284, l. c. 287, reh. denied, 312 U.S. 713, 61 S.Ct. 609, 85 L. Ed. 1144:

"We have recently held that in cases where jurisdiction rests on diversity of citizenship, federal courts, under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently." (citing cases)

Since there is no evidence that the ruling of the District Court for the Second Judicial District of North Dakota is erroneous, this Court has the power to transfer this action to the United States District Court for the District of North Dakota under Section 1404(a) of Title 28 U.S.C.A. The next question for determination is whether it should do so.

After reviewing the entire record in this cause, a consideration of the following factors, among others, leads the Court to the conclusion that it is in the interest of justice to so transfer this cause:

(1) residence and principal place of business of the parties;

(2) location of possible witnesses;

(3) location of documents and records likely to be involved;

(4) disruption of plaintiffs' occupations by attendance at trial unless cause is transferred;

(5) expense to parties;

(6) relative accessibility of place of trial to parties;

(7) docket condition of each district and division involved;

(8) place of transactions upon which the action is based;

(9) the appropriateness in having the trial of a diversity case in a Court acquainted with the state law that must govern the action.

It is therefore in the exercise of this Court's discretion

Ordered that plaintiffs' motion to transfer be, and the same is hereby, sustained, and that this cause be, and it is hereby, transferred to the United States District Court for the District of North Dakota, Southwestern Division.