**AMIS CONSTRUCTION COMPANY, a corporation, and Paul Hardeman, Inc., a corporation, Plaintiffs,**

**and**

**Wallace & Tiernan, Inc., a corporation, Intervening Plaintiff,**

**v.**

**PRESSED STEEL TANK COMPANY, a corporation, and Hartford Steam Boiler Inspection and Insurance Company of Hartford, Connecticut, a foreign corporation, Defendants.**

No. 65–C–168.

United States District Court
E. D. Wisconsin.

Jan. 16, 1968.

84

Arnold, Murray & O'Neill, Milwaukee, Wis., Foliart, Shepherd & McPherren, Oklahoma City, Okl., for plaintiffs.

Kivett & Kasdorf, Milwaukee, Wis., William G. Smith, Oklahoma City, Okl., for intervening plaintiff.

John H. Ames, Milwaukee, Wis., for defendant, Pressed Steel Tank Co.

Foley, Sammond & Lardner, Milwaukee, Wis., for defendant Hartford Steam Boiler Inspection and Ins. Co. of Hartford, Conn.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Plaintiffs have moved to transfer this action to the western district of Oklahoma pursuant to 28 U.S.C. § 1404(a). Plaintiffs sue for damages allegedly caused to a pumping station in Oklahoma and contend that such damage was caused by the escape of liquid chlorine through a defective weld in a steel pressure vessel manufactured by the defendants, Pressed Steel Tank Company.

Plaintiffs originally brought an action arising out of the same facts and circumstances in the United States district court for the western district of Oklahoma, but that suit was stayed for the purpose of permitting the plaintiff to institute the present suit in this court. In the Oklahoma federal action, plaintiffs named as defendants all parties in the action pending before this court with the exception of Pressed Steel Tank Company. The latter company is a defendant in the case at bar.

■ Prior to the commencement of the federal actions, plaintiffs brought suit against several defendants, including Pressed Steel Tank Company, in an Oklahoma state court. The state court suit was based upon the same facts and circumstances as were the federal court suits.

## JURISDICTION IN OKLAHOMA

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The initial question is whether Oklahoma is a forum in which the case "might have been brought" in the first instance. If jurisdiction in Oklahoma is lacking, this court is without power to transfer to that district. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

An adjudication was made by the state trial court in Oklahoma on May 19, 1966, that Pressed Steel Tank Company is amenable to jurisdiction in the state of Oklahoma. If this court may rely on the finding of the Oklahoma state court, it necessarily follows that Oklahoma is a forum where the case "might have been brought".

In Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284, 1. c. 287, Reh. Denied, 312 U.S. 713, 61 S.Ct. 609, 85 L.Ed. 1144, the court stated:

"We have recently held that in cases where jurisdiction rests on diversity of citizenship, federal courts, under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently."

That general rule was applied in Ebel v. Spencer Chemical Company, 227 F. Supp. 956 (W.D.Mo.1964), where an objection to removal to a federal court in North Dakota was based upon the claim that the defendant was not subject to service of process in North Dakota. The court quoted from the Stoner Case and stated at page 958:

"Since there is no evidence that the ruling of the District Court for the Second Judicial District of North Dakota is erroneous, this Court has the power to transfer this action to the United States District Court for the District of North Dakota under Section 1404(a) of Title 28 U.S.C.A. The next question for determination is whether it should do so."

In Galion Iron Works & Mfg. Co. v. Russell, 167 F.Supp. 304, 310 (W.D.Ark. 1958), the court said:

"The decision of a state trial court is, of course, not binding upon a federal court in diversity actions. King v. Order of United Commercial Travelers, 1948, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608; cf. Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109. But decisions of trial courts, though not binding, are persuasive, particularly when, as here, they deal with subjects peculiarly within the knowledge and experience of state courts."

■ The decision by the Oklahoma state court that Pressed Steel Tank Company is amenable to service of process in that state is persuasive. The interpretation of the Oklahoma long-arm statute is a subject "peculiarly within the knowledge and experience" of an Oklahoma court. Relying on the finding made by the Oklahoma state trial court,

this court is of the opinion that Pressed Steel Tank Company may be served in Oklahoma; thus, Oklahoma is a forum where the suit "might have been brought" originally under Section 1404 (a).

## THE EXERCISE OF DISCRETION

■ Having decided that jurisdiction exists to transfer this case, it now must be decided whether such transfer will be for the convenience of parties or witnesses or in the interest of justice. Transfer pursuant to section 1404(a) lies within the broad discretion of the court, and the burden rests with the party seeking the transfer. Huisman v. Gauder, Paeschke & Frey Co., 250 F. Supp. 631 (E.D.Wis.1966). Where the transfer, if granted, will merely shift the inconvenience or where the equity is slightly in favor of the movant, a plaintiff's choice of forum must remain undisturbed. De Luxe Game Corp. v. Wonder Products Co., 166 F.Supp. 56, 61 (S.D.N.Y.1958).

■ Three factors are specifically mentioned in section 1404(a), but in considering the "interest of justice", a court may look to such other items as the relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of unwilling witnesses; and the possibility of a view of the premises. Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299 (7th Cir. 1955).

■ Plaintiffs claim that a transfer will be more convenient because they intend to call seventeen witnesses, all of whom are from the western part of the country and fourteen of whom are from Oklahoma. The plaintiffs point out that the contract was made in Oklahoma; that the construction work was performed there; that the damage was sustained in that state; that a transfer will serve to facilitate access to proof and would cut costs of securing witnesses for trial.

Defendants, on the other hand, argue that the allegedly defective tank was manufactured in Wisconsin; that all the employees who worked on the tank are Wisconsin residents; that defendants will have to call these employees as witnesses, and that a transfer from Wisconsin will impose hardship and increased expenses on defendants and their witnesses. In addition, all the contracts and records of the defendants are kept in Wisconsin.

Plaintiffs contend that convenience and justice will be served by a transfer because plaintiffs have presently pending in the Oklahoma federal court the same lawsuit against all the same defendants with the exception of Pressed Steel Tank Company. However, the defendants suggest that if the plaintiffs want Pressed Steel sued in Oklahoma, they can easily accomplish this by joining Pressed Steel as a party defendant in the Oklahoma federal court case, or by removing the Oklahoma state court action to the federal court in Oklahoma. The defendants also point out that if what plaintiffs desire is a forum in which all parties can be joined, Wisconsin is such a forum, and that all parties have in fact been joined in Wisconsin.

Proceedings have been stayed in the Oklahoma federal court action. On the basis of the stay, counsel for the defendants have investigated the allegations of negligence and breach of warranty and have engaged expert witnesses. If the cause is transferred to Oklahoma, it is argued, counsel for defendants in Oklahoma City will be called upon to familiarize themselves with work that has been done in Milwaukee, and perhaps to some extent repeat that work, thereby incurring additional expense and placing additional burdens on defendants.

Upon the foregoing analysis of the various grounds advanced for and against transfer, the court concludes that the better exercise of discretion is to grant the plaintiffs' motion. The court is of the opinion that a transfer will be in the interest of justice.

It is therefore ordered that the plaintiffs' motion for transfer be and hereby is granted.