**Maurice S. SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 14142.**

District of Columbia Court of Appeals.

Submitted April 17, 1979.

Decided Aug. 8, 1979.

Alexander G. Park, Bethesda, Md., appointed by the court, was on the brief for appellant.

Earl J. Silbert, U.S. Atty. Washington, D.C., when the brief was filed, and John A.

Terry, Michael W. Farrell and H. Lowell Brown, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEBEKER, Associate Judge, and PAIR and YEAGLEY, Associate Judges, Retired.

NEBEKER, Associate Judge:

Appellant was convicted after a bench trial on one count of possession of narcotics, D.C.Code 1973, § 33–402, and one count of possession of a dangerous drug, D.C.Code 1973, § 33–702(a)(1)(A). On appeal, he claims that the court committed reversible error in not considering his second motion to suppress. We hold that where a case is dismissed without prejudice following a denial of a motion to suppress, that denial constitutes the law of the case, binding on the parties when the case is brought again and where no new evidence justifying a new hearing is presented. Accordingly, we affirm.

Officer Queen of the Metropolitan Police Department received information from an informant that a Negro male, dressed in a peculiar coat and frequently present in a certain sector of the District, was carrying two guns. Two weeks later, on April 16, 1977, at approximately 10:30 p. m., Officer Queen and another police officer saw appellant, who was clothed in a coat which matched the informant's description, in the general area specified by the informant. Officer Queen approached appellant, identified himself as a police officer and asked if appellant had any identification. After appellant produced a driver's license, the officer recited the information that he had been given by the informant and asked if he could conduct a frisk of appellant. Appellant replied, "Go right ahead, Officer," and opened and raised his coat for the officer to frisk him. While conducting the frisk, the officer noticed a bulge in appellant's coat pocket.* As he reached toward

---

* In his supplemental brief, appellant points out a discrepancy between the officer's testimony at the hearing, that the bulge was in the right pocket, and the police report, that it was in the left pocket. Counsel acknowledges, however, that this oversight would not justify a new hearing. We agree.

the pocket, the officer asked, "What's this?" At that instant, appellant shoved the officer and fled. As he ran down the street, appellant threw pills "all over the place," and then discarded his coat. He was subsequently caught by the officer and placed under arrest. The coat was recovered and one pill was found in the pocket. The above charges ensued.

Appellant filed a motion to suppress certain statements and physical evidence. A hearing was held and the motion was denied. Three months later, the judge dismissed without prejudice the charges against appellant due to the failure of a government witness to appear at trial. A second information was filed, charging appellant with the same offenses. This prompted the filing of a second motion to suppress. The court refused to hear this second motion on the ground that the previous ruling was the law of the case and that it was therefore precluded from ruling anew. The motion was renewed by appellant as a preliminary matter at trial on August 17, 1978. It was contended that the second motion's judge erred in his ruling. The trial court, after being informed that the renewed motion presented no new information, likewise refused to hear it because the matter had been previously decided. The trial was then held on stipulated facts and appellant was found guilty.

■ On appeal, we are asked to determine whether a ruling on a pretrial motion survives a subsequent dismissal of that action so as to be assertible in a later proceeding involving identical parties, facts and charges. We hold that the ruling endures the dismissal and constitutes the law of the case for the second lawsuit.

■ The phrase "law of the case," in the words of Justice Holmes, "merely expresses the practice of courts generally to refuse to open what has been decided . . . ." *Messinger v. Anderson*, 225 U.S. 436, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). As employed by the court, the doctrine "dispenses with the need of considering again what has been previously decided in the same suit." Lummus, *The 'Law of the Case' in Massachusetts* 9 B.U.L.Rev. 225 (1929). In *Jenkins v. United States*, D.C. App., 284 A.2d 460 (1971), we applied the law of the case doctrine to pretrial rulings on suppression motions:

> When a pretrial motion to suppress has been heard and decided as required by Superior Court Criminal Rule 41(g) and D.C.Code [1973, § 23–104(a)(2)] . . . ., that decision becomes the law of the case. . . . Only if new grounds, including new facts, are advanced which the defendant could not reasonably have been aware of may a trial judge entertain a renewed motion to suppress. [*Id.* at 463–64 (citation omitted).]

Appellant does not contest the holding of *Jenkins*. On the contrary, he acknowledges that the original denial of his motion following a hearing became the law of the case. He argues, however, that the law of the case doctrine is inapplicable since the initial ruling on his motion did not survive dismissal of the first case. This legal position reflects the reasoning of the court in *United States v. Hector*, D.C.App., 298 A.2d 504 (1972), that "an order dismissing an indictment or an information terminates a prosecution . . . completely sever[ing] the ties of the criminal justice system with the accused." *Id.* at 505.

While we endorse that statement of the general principle, we also realize, as did the court in *Hector*, that "that severance may be only temporary." *Id.* Indeed, an examination of all pertinent factors in the instant appeal shows that the severance was temporary: the forum, facts, parties, charges, and motions were identical in each case. The evidence offered in support of the second motion would not have materially differed from that offered in the first hearing. The sole attribute that distinguishes the two cases is the new number assigned to the second case by the trial court clerk's office. The dismissal of the first case partakes more of the character of an interruption in the judicial process, for purposes of the

motion and ruling thereon, than of a severance of the appellant from the judicial system. For all intents and purposes, the instant case is the same action that was brought previously. We, therefore, find the application of the doctrine of the law of the case to be appropriate. *See Stoner v. New York Life Insurance Co.,* 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284 (1940), and *Galpin v. Page,* 85 U.S. (18 Wall) 350, 365, 21 L.Ed. 959 (1874) (state adjudication held applicable in later federal court actions involving same parties or their privies); *Antonioli v. Lehigh Coal & Navigation Co.,* 451 F.2d 1171, 1178 (3d Cir. 1971) (law of case announced in previous law suit applied in subsequent action between same parties); *United States v. Thoresen,* 428 F.2d 654, 667 (9th Cir. 1970) (fact that suppression hearing held under superseded indictment did not entitle defendant to relitigate issues decided therein); *Schupak v. Califano,* 454 F.Supp. 105, 113–14 (E.D.N.Y.1978) (law of case applied to preclude reconsideration of issues by district court in different federal circuit from that in which original lawsuit brought).

A contrary holding would exalt form over substance at the expense of judicial time and talents. It would also burden the parties without further safeguarding rights on either side. We find no merit in appellant's argument that a new hearing should be held.

Since the initial briefs treated only the denial of the second motion, we ordered the parties to file supplemental memoranda addressing the constitutionality of the trial court's determination to admit the seized evidence. In his supplemental brief, however, appellant makes no contention that the initial hearing and ruling were in any way erroneous. Indeed, appellant characterized the ruling as "indisputably correct" on the facts found by the court. We have reviewed the record and agree. Therefore, we hold that the trial court committed no reversible error in initially denying the motion to suppress.

The judgment of conviction is

*Affirmed.*