42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ESTATE OF William PARRIS, By and Through Linda PARRIS,
Administrator; Linda Parris, Administrator of the
Estate of William Parris, Plaintiffs-Appellants,
v.
CNA INSURANCE COMPANIES, a business organization, form
unknown; Transcontinental Technical Services, Inc., a
corporation; Transportation Insurance Company, a
corporation; CNA Casualty of California, a corporation;
Does 1 Through 20; Inclusive, Defendants-Appellees.
 No. 93-55453.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1994.*
Decided Nov. 14, 1994.
 
 Before: FLETCHER, BOOCHEVER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Estate of William Parris appeals the district court's grant of summary judgment to the insurers, holding that the estate was not entitled under California law to payments under the underinsured motorist provisions of an insurance policy. The estate contends that the district court incorrectly interpreted the statute establishing the minimum amount of underinsured motorist coverage. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Parris was killed in a car accident on a business trip. A wrongful death action brought by the estate against the driver of the other car was settled for $100,000, the policy limit. The estate then filed a claim for underinsured motorist payments with the CNA Insurance Company, insurer of Parris's employer. CNA denied the claim on the ground that the settlement exceeded the amount of underinsured motorist coverage, which, according to the policy language, was the "minimum limit required by state."
 
 
 4
 The estate filed this diversity action. The district court granted summary judgment for CNA. The standard of review for the granting of a motion for summary Judgment is de novo. Darring v. Kinchelo, 783 F.2d 874, 876 (9th Cir.1986).
 
 
 5
 The district court held that California law requires a minimum of $30,000 worth of underinsured motorist coverage. California Insurance Code Sec. 11580.2(m) provides:
 
 
 6
 Coverage provided under an uninsured motorist endorsement or coverage shall be offered with coverage limits equal to the limits of liability for bodily injury in the underlying policy of insurance, but shall not be required to be offered with limits in excess of the following amounts:
 
 
 7
 (1) A limit of thirty thousand dollars ($30,000) because of bodily injury to or death of one person in any one accident.
 
 
 8
 (2) Subject to the limit of one person set forth in paragraph (1), a limit of sixty thousand dollars ($60,000) because of bodily injury to or death of two or more persons in any one accident.
 
 
 9
 Section 11580.2(n) subjects underinsured motorist coverage to the same requirements as uninsured motorist coverage.
 
 
 10
 Relying on the statute's use of the term "shall," the estate argues that Sec. 11580.2(m) requires coverage equal to the limits for bodily injury in the underlying policy, or $1,000,000 in this case. However, the district court relied upon the California Court of Appeals holding in Enterprise Ins. Co. v. Mulleague, 241 Cal.Rptr. 846 (Cal.App.1987), that no more than $30,000 in uninsured motorist coverage was required "under the statute's plain and unambiguous language." The Enterprise court noted, "If the Legislature had intended that the uninsured motorist benefits imposed by statute would be equal to bodily injury liability in all cases, it obviously would not have added this express [$30,000] limitation to the statutorily required benefits." Id. at 850. Because Sec. 11580.2(n) requires underinsured coverage in the same amount as uninsured coverage, the district court correctly reasoned that $30,000 in coverage is required for underinsured coverage.
 
 
 11
 The court's reliance upon Enterprise was appropriate. The estate attempts to distinguish Enterprise because the plaintiff's policy did not provide any uninsured coverage. However, the Enterprise court held that coverage existed under the statute regardless of the policy provisions. The estate's argument that CNA could not provide less coverage than the statutory requirement without a written agreement with the insured is irrelevant. CNA is not claiming that it provided less coverage than the statute required.
 
 
 12
 Under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), federal courts must follow state intermediate appellate courts in interpreting state law "in the absence of convincing evidence that the highest court in the state would decide differently." Stoner v. New York Life Insurance Co., 311 U.S. 464, 467 (1940). The estate urges us to depart from Enterprise. We decline to do so.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3