**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| MICHAEL AMBERS, individually and on behalf of a class of persons similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> BUY.COM, INC., a Delaware corporation, <br><br> Defendant - Appellee. | No. 13-55953 <br><br> D.C. No. 8:13-cv-00196-AG-JPR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 1, 2015
Pasadena, California

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and KORMAN,[***]
Senior District Judge.

Michael Ambers appeals from the district court's grant of a motion to

dismiss brought by Buy.com. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

Ambers alleges Buy.com violated the Song-Beverly Credit Card Act ("the Act"), Cal. Civ. Code § 1747.08, when the online retailer required him to record his telephone number on a webform during the checkout process using a credit card to purchase a set of DVDs. He brings a putative class action on behalf of all Buy.com customers similarly situated.

"When interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 n.4 (9th Cir. 1996) (citations and quotation marks omitted).

The California Supreme Court has not squarely decided the issue presented by this case, and no California case has applied the Act to include online transactions. However, the court has decided a case involving similar issues, namely *Apple Inc. v. Superior Court of Los Angeles County*, 292 P.3d 883 (Cal. 2013). Although not binding on this action, the reasoning employed by the court in *Apple* in holding that the Act does not apply to online downloadable product

transactions persuades us to believe the California Supreme Court would hold that Ambers' purchase of goods for delivery from Buy.com is outside the ambit of the Act as well.

In *Apple*, the court noted that the Act made no mention of online commercial transactions, and predated the prevalence of such transactions by a decade. *Id.* at 886. Therefore, the court concluded that "[t]he statutory language suggests that the Legislature, at the time it enacted former section 1747.8, did not contemplate commercial transactions conducted in the Internet." *Id.* at 887. After examining the entire statutory scheme, the legislative history, and subsequent legislative developments, the court concluded "that online transactions involving electronically downloadable products fall outside the coverage of the statute." *Id.* at 896. Although the court did not reach the precise question presented here, its logic and statutory analysis leads us to conclude that, if presented with the question, the California Supreme Court would hold that the Act does not apply to online transactions.

Our conclusion is buttressed by a recent decision of the California Court of Appeal, which is relevant to our predictive exercise. *See Easyriders Freedom F.I.G.H.T.*, 92 F.3d at 1494 n.4. Indeed, the Supreme Court has held that, "federal courts . . . must follow the decisions of intermediate state courts in the absence of

convincing evidence that the highest court of the state would decide differently." *Stoner v. N.Y. Life Ins. Co.*, 311 U.S. 464, 467 (1940). The only reasoned California appellate court decision in the wake of *Apple* is *Ambers v. Beverages & More, Inc.* ("BevMo"), 2015 WL 1969815 (Cal. Ct. App. May 4, 2015), a case involving the same plaintiff and same claim for relief as this action. Interpreting *Apple*, the Court of Appeal held that § 1747.08 "does not apply to [Ambers'] online purchase of merchandise subsequently retrieved at a BevMo retail store." *Id.* at *5. The Court of Appeal stated that the reasoning and analysis in *Apple* applied to Ambers' *BevMo* transaction with equal force. *Id.* at *4. Distinguishing *BevMo* from the present circumstance involving Buy.com is impossible. In fact, the case for obtaining a telephone number to verify the transaction here is even stronger because Buy.com shipped the DVDs to Ambers rather than allowing him to retrieve them at a retail store. In the Buy.com transaction, Ambers never showed his face to the retailer and therefore never presented any opportunity for it to verify the transaction in person. It was at least theoretically possible that in-person verification of Ambers' identity was available to the merchant in *BevMo* because he came to pick up the alcohol. Nevertheless, the Court of Appeal still found the Act inapplicable.

Therefore, given the analysis of the California Supreme Court in *Apple*, the guidance of the California Court of Appeal in *BevMo*, and the lack of any contrary California authority, we agree with the district court that the California Supreme Court probably would decline to extend the Act to apply to online transactions. Therefore, we conclude that the district court properly granted the motion to dismiss. Ambers' motion for judicial notice is granted.

We need not consider alternate grounds for dismissal presented by Buy.com, *see Affordable Housing Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1193 (9th Cir. 2006), nor any other issue urged by the parties.

**AFFIRMED.**