**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ARROW ELECTRONICS, INC., a New York
Corporation,

Plaintiff-counter-
defendant-Appellant,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, a Massachusetts Corporation,

Defendant-Appellee,

TRAVELERS CASUALTY AND SURETY
COMPANY, FKA Aetna Casualty and Surety
Company, AKA St. Paul Travelers,

Defendant-counter-claimant-
Appellee.

No.    18-55810

D.C. No.
2:17-cv-05247-JFW-JEM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted June 6, 2019
Portland, Oregon

Before:  MURGUIA and HURWITZ, Circuit Judges, and GAITAN,** District
Judge.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

This is an insurance-coverage dispute arising from environmental contamination at Arrow Electronics, Inc.'s ("Arrow") research facility located in Huntsville, Alabama (the "Huntsville Facility"). After determining that California substantive law applied, the district court granted summary judgment in favor of the insurers, Travelers Casualty and Surety Company and Liberty Mutual Insurance Company. Arrow appeals, arguing that the district court should have applied Alabama law.

We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's grant of summary judgment de novo, *see Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 959 (9th Cir. 2017). We reverse and remand with instructions to apply Alabama law.[1]

To determine which state's substantive law applies, we look to California choice-of-law rules. *See Narayan v. EGL, Inc.*, 616 F.3d 895, 898 (9th Cir. 2010). Under California law, a "contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646. "A contract indicates a place of performance within the meaning of section 1646 if the contract expressly specifies a place of performance or if the intended place of performance can be gleaned from the nature of the contract and

---

[1]     We deny Arrow's motion for judicial notice, Dkt. No. 29, because the submitted documents are unnecessary to deciding this appeal.

its surrounding circumstances." *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1443 (2007) (internal quotation marks omitted and alteration incorporated). The intended place of performance for a commercial liability insurance policy covering "operations at one or more fixed locations" is generally "the jurisdiction where the operations are located" because this is where the insurer and insured expect a third-party to file a complaint against the insured. *Id.* at 1461.

This case begins and ends with *Frontier Oil*. *See Stoner v. N.Y. Life Ins. Co.*, 311 U.S. 464, 467 (1940) ("[I]n cases where jurisdiction rests on diversity of citizenship, federal courts . . . must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently."). Each of Arrow's primary insurance policies explicitly mentions the Huntsville Facility or Alabama, and each of the excess policies is clearly drafted with reference to the primary policies. Thus, there is "little doubt" that "the understanding of the parties at the time they entered into the insurance contract[s]" was that Alabama law would apply to claims arising from the Huntsville Facility. *Frontier Oil*, 153 Cal. App. 4th at 1461. Accordingly, Alabama was the intended place of performance within the meaning of California Civil Code § 1646 for purposes of this case.

**REVERSED** and **REMANDED** for further proceedings consistent with this decision.