■ ANTHONY DORIA et al., Plaintiffs, v COOKE PROPERTIES, INC., et al., Defendants, and MULTIPLEX ELECTRICAL SERVICES, INC., Appellant. COOKE PROPERTIES, INC., et al., Third-Party Plaintiffs, v APEX ELECTRICAL COMPANY, Third-Party Defendant-Respondent. [664 NYS2d 798] —Order, Supreme Court, New York County (Alfred Toker, J.H.O.), entered April 15, 1997, which dismissed the third-party complaint upon the ground that such impleader would not lie under recently

amended provisions of the Workers' Compensation Law, unanimously reversed, on the law, the motion denied and the third-party complaint reinstated, without costs.

This is an action for personal injuries brought by a worker at a construction site. The lawsuit presents the familiar configuration of a main action commenced against the owners of real property, who in turn bring a third-party action against the injured party's employer for common-law indemnification and contribution. The employer subsequently moved to dismiss the third-party action under the recently amended section 11 of the Workers' Compensation Law (L 1996, ch 635, § 2), which precludes third-party indemnity actions against an employer who has made Workers' Compensation payments except where the worker has suffered " 'grave injury' " (concededly not the case here).

The sole issue on this appeal is whether the cited statutory proscription should be retroactively applied to litigation such as this, which was pending prior to the effective date of the amendment. The order appealed from, which applied the amendment retroactively so as to extinguish the third-party action, was apparently issued by the Referee prior to any decisive appellate guidance on the question. In carefully reasoned decisions, the Second and Third Departments have now held that the amendment contemplates prospective application only (*Morales v Gross*, 230 AD2d 7; *Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d 102)—a view with which we find ourselves in complete agreement. The third-party action is thus reinstated in accordance with what we consider to be prevailing law. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ.