**Paul D. KEENAN and Nora Keenan, Plaintiffs,**

v.

**Melvin JONES and J.B. Hunt Transport, Inc., Defendants/Third–Party Plaintiffs,**

v.

**SILO, INC., Third–Party Defendant.**

No. 94–CV–6610L

United States District Court, W.D. New York.

Jan. 21, 1998.

**220**

Richard Bernstein, Bernstein & Bernstein, Rochester, NY, for plaintiffs.

Thomas C. Burke, Osborn, Reed, Burke & Tobin, LLP, Rochester, NY, for defendants.

### DECISION AND ORDER

LARIMER, Chief Judge.

### BACKGROUND

Plaintiffs Paul D. Keenan and Nora Keenan[1] filed a complaint against Melvin Jones ("Jones") and J.B. Hunt Transport, Inc. ("Hunt") on December 16, 1994, alleging that injuries Keenan sustained while at his place of employment were a result of defendants' negligence. Jurisdiction is based on diversity of citizenship. On May 3, 1995, defendants filed a third-party complaint for indemnity and/or contribution against Silo, Inc. ("Silo"),[2] Keenan's employer. While the action was pending, the New York Legislature adopted the Omnibus Workers' Compensation Reform Act of 1996 ("Omnibus Act"),

which significantly altered prior procedure relating to indemnity and contribution. The new law, effective September 10, 1996, eliminates an employer's liability "for contribution or indemnity to any third-person based upon liability for injury sustained by an employee acting within the scope of his or her employment." (Workers' Compensation Law, § 11, as amended by L.1996, ch. 635, § 2), with certain exceptions not relevant here.

Silo, the third-party defendant, now moves for summary judgment in its favor on the ground that the Omnibus Act bars the relief sought by the third-party plaintiff. Silo contends that the Omnibus Act applies to bar the claim for indemnity and contribution even though the claim here arose, and the complaint was filed, before the Omnibus Act was adopted on September 10, 1996. Defendants, on the other hand, contend that the Act does not apply to this action which was pending at the time the Omnibus Act was adopted.

Because I believe that New York courts would not apply the new Omnibus Act in this situation, Silo's motion for summary judgment is denied.

### DISCUSSION

The issue is whether the new Omnibus Act—enacted on September 10, 1996—applies to cases then pending. I believe controlling authority in New York establishes that it does not apply.

First of all, it is clear that in this diversity action this federal court must apply New York law. At the time this lawsuit was filed, it was the law in New York that a defendant, facing suit by an injured employee, could bring a third-party action seeking contribution or indemnity from the plaintiff's employer. *See Dole v. Dow Chem. Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972). The Omnibus Act changed that except under circumstances where the employee suffered a "grave injury." In this case there is no suggestion that Keenan sustained a "grave injury" as defined by the statute.

Whether the Omnibus Act should apply to pending cases raises interesting issues as to

---

**1.** Paul D. Keenan shall hereafter be referred to as "Keenan."

**2.** The third-party complaint originally named Fretter, Inc. as third-party defendant. Silo, Inc. was later substituted as third-party defendant.

whether the Act should be applied prospectively or retroactively to pending cases. This Court, however, is not writing on a "clean slate" concerning this issue. In diversity, this Court must determine how the New York courts would interpret this New York statute. A definitive statement from New York's highest court, the New York Court of Appeals, would, of course, be conclusive. Although there is not yet a decision from the New York Court of Appeals on this issue, all four intermediate appellate courts have held that the Omnibus Act applies prospectively only and does not apply to pending cases. *Doria v. Cooke Properties, Inc.,* 664 N.Y.S.2d 798 (1st Dep't.1997); *Morales v. Gross,* 230 A.D.2d 7, 657 N.Y.S.2d 711, 713–15 (2d Dep't. 1997); *Majewski v. Broadalbin–Perth Cent. School Dist.,* 231 A.D.2d 102, 661 N.Y.S.2d 293 (3d Dep't.1997); *Massella v. Partner Indust. Products, Inc.,* 665 N.Y.S.2d 948, 1997 WL 606470 (4th Dep't.1997).

In my view, there is no reason to suspect that the Court of Appeals would disagree with the decisions of the appellate courts' determinations that the Omnibus Act should be applied prospectively only.

In these circumstances, my course as a federal court is clear.

> Although the ultimate New York authority on the issue now before us would, of course, be the New York Court of Appeals, in the absence of a Court of Appeals' decision squarely on point or an indication that the Court of Appeals is likely to disagree with the holdings of the Appellate Division, those holdings are entitled to "persuasive, if not decisive, consideration." *In re Eastern and Southern Districts Asbestos Litigation,* 772 F.Supp. 1380, 1389 (E. & S.D.N.Y.1991). In other words, we must follow the above-cited decision of the Appellate Division, First Department, "in the absence of convincing evidence that the [New York Court of Appeals] would decide differently." *Stoner v. New York Life Ins. Co.,* 311 U.S. 464, 467, 61 S.Ct. 336, 85 L.Ed. 284 (1940).

*Sphere Drake Ins. v. P.B.L. Entertainment, Inc.,* 30 F.3d 21, 22–23 (2d Cir.1994), *vacated on other grounds,* 52 F.3d 22 (2d. Cir.1995).

Since there are such clear, unambiguous and unanimous decisions from the Appellate Divisions on this issue, I am obligated to follow those rulings.

Furthermore, the reasoning of these decisions is sound and amply supports the Appellate Divisions' determination that the legislature intended the Omnibus Act to apply prospectively and not to pending cases. The Second Department in *Morales* and the Third Department in *Majewski* considered in much detail all of the arguments advanced to support retroactive application and they both determined, in lengthy and careful opinions, that the Omnibus Act should not be applied retroactively. I agree.

### CONCLUSION

For the reasons set forth above, third-party defendant Silo's motion for summary judgment (Dkt. No. 15) is in all respects denied.

IT IS SO ORDERED.