Tamara **FRAZIER**, Plaintiff,

v.

**T–MOBILE USA INC.**, Defendant.

No. 3:03–cv–764–J–20MMH.

United States District Court,
M.D. Florida,
Jacksonville Division.

Nov. 4, 2003.

Archibald J. Thomas, III, Archibald J. Thomas, III, P.A., Philip Daniel Williams, Magid & Williams, P.A., Jacksonville, FL, for Plaintiff.

Kimberly Wales Limerinos, St. Petersburg, FL, · M. Sean Moyles, Langston, Hess, Bolton, Shepard and Augustine, P.A., Clearwater, FL, Peter W. Zinober, Zinober & McCrea, P.A., Tampa, FL, for Defendant.

### ORDER

SCHLESINGER, District Judge.

This cause is before the Court on Defendant's Motion to Dismiss or in the Alternative for Partial Summary Judgment (Doc. No. 5, filed October 7, 2003) and Plaintiff's Response and Request for Oral Argument (Doc. No. 8, filed October 21, 2003). Plaintiff's first two counts seek relief from alleged pregnancy-based employment discrimination under Title VII of the Civil Rights Acts of 1964 and the Florida Civil Rights Act of 1992. Defendant assert that the claim under the Florida Civil Rights Act is preempted. As Plaintiff's attorney is · aware, the Court addressed the same issue in *Perrin v. Sterling Realty Management, Inc.,* 3:02–cv–804–J–20HTS, Doc. No. 7, filed November 4, 2002. The Court reiterates its opinion from that Order.

*Legal Standard*

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed for failure to state a cause of action "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991).

*Legal Background*

Florida patterned the Florida Human Rights Act upon Title VII of the Civil Rights Act of 1964. *See O'Loughlin v. Pinchback,* 579 So.2d 788, 791 (Fla. 1st DCA 1991). In 1976, the U.S. Supreme Court held that discrimination on the basis of pregnancy was not sex discrimination under Title VII. *See General Electric Co. v. Gilbert,* 429 U.S. 125, 136, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). Congress responded by amending Title VII with the Pregnancy Discrimination Act of 1978(PDA), which specified that discrimination on the basis of pregnancy was sex discrimination and violated Title VII. *See O'Loughlin* 579 So.2d at 791. In 1991, the First District Court of Appeal held that the Florida Human Rights Act did not state a cause of action for discrimination based on pregnancy, as it was preempted by Title VII "to the extent that Florida's law offers less

protection to its citizens that does the corresponding federal law." *O'Loughlin* 579 So.2d at 792. In 1992, Florida reenacted the Florida Human Rights Act, renaming it the Florida Civil Rights Act (FCRA) and using the same language as its predecessor, without the language found in the federal PDA. *See Walsh v. Food Supply, Inc.*, 1997 WL 401594, *2, 1997 U.S. Dist. Lexis 9644, *5 (M.D.Fla.1997).

Federal district courts are split about whether the FCRA allows a claim for pregnancy-based discrimination. Two courts have followed *O'Loughlin* and held that a claim of pregnancy-based discrimination under FCRA was preempted. *See Swiney v. Lazy Days R.V. Center*, 2000 WL 1392101 (M.D.Fla.2000); *Walsh v. Food Supply, Inc.*, 1997 WL 401594, *2, 1997 U.S. Dist. Lexis 9644, *5 (M.D.Fla. 1997). Two other courts, citing *Brand v. Florida Power Corp.*, 633 So.2d 504, 507 (Fla. 1st DCA 1994), have held that because the FCRA is based upon Title VII, federal case law dealing with Title VII applies, and therefore the FCRA permits a state law claim for pregnancy-based discrimination. *See Jolley v. Phillips Educational Group of Central Florida, Inc.*, 1996 WL 529202, *6 (M.D.Fla.1996); *Kelly v. K.D. Const. of Florida*, 866 F.Supp. 1406, 1411 (S.D.Fla.1994).[1]

*Analysis*

■■■ This Court is of the opinion that the FCRA does not provide for a claim of pregnancy-based discrimination. The legislature passed the FCRA after the *O'Loughlin* decision, and as the Florida Supreme Court stated, "when the legislature reenacts a statute which has a judicial construction placed upon it, it is presumed that the legislature is aware of the construction and intends to adopt it, absent a clear expression to the contrary." *Gulfstream Park Racing Ass'n, Inc. v. Dept. of Bus. Regulation*, 441 So.2d 627, 628 (Fla. 1983). As the legislature did not include the language from the PDA, it is presumed that it was aware of the *O'Loughlin* opinion and did not intend to include pregnancy-based discrimination in the FCRA.

Further, the Court disagrees with the reasoning found in *Jolley*, which found that "[s]ince no other Florida courts hold that Title VII preempts state law pregnancy-based discrimination claims, this Court adopts the traditional statutory constructional rule that Florida laws which mirror federal laws will be construed identically." *Jolley v. Phillips Educational Group of Central Florida, Inc.*, 1996 WL 529202, *6. First, the Court agrees that a Florida law that mirrors a federal law should be construed identically, but the FCRA mirrors Title VII before the PDA. And Title VII, without the PDA, was construed not to include a pregnancy-based discrimination claim. *See General Electric Co. v. Gilbert*, 429 U.S. 125, 136, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). Additionally, federal courts must follow state intermediate appellate courts absent convincing evidence the state supreme court would rule differently. *See Swiney v. Lazy Days R.V. Center, Inc.*, 2000 WL 1392101 *1, n. 1 (*citing Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467, 61 S.Ct. 336, 85 L.Ed. 284 (1940)).

Accordingly, Plaintiff's Second Claim is preempted by Title VII, and Defendant's Motion to Dismiss Count II is **GRANTED**.

---

1. It is worth noting that *Jolley* and *Kelly* cases were decided on the merits with plaintiffs failing to satisfy their burdens, arguably making those holdings dicta. *See Jolley* 1996 WL 529202 at *6; *Kelly*, 866 F.Supp. at 1414. And *Swiney* and *Walsh*, like the instant case, were decided on motions to dismiss a claim brought under FCRA. *See Swiney*, 2000 WL 1392101 at *1; *Walsh*, 1997 WL 401594, at *2–3, 1997 U.S. Dist. LEXIS 9644 at *6.