SCHWARTZ, Senior Judge.
The discrete, single issue in this case is whether the Florida Civil Rights Act, section 760.10, Florida Statute,[1] prohibits discrimination in employment on the basis of pregnancy.[2] Although there was no doubt as to the sufficiency of the allegation that the plaintiff was discriminated against on this basis,[3] the trial judge dismissed the complaint for failure to state a cause of action on the ground that there was no such right. We agree.
Two district courts have addressed this question. In Carsillo v. City of Lake *958 Worth, 995 So.2d 1118, 1119 (Fla. 4th DCA 2008), review denied, 20 So.3d 848 (Fla.2009), the Fourth District held that there was such a right. In O’Loughlin v. Pinchback, 579 So.2d 788, 790 (Fla. 1st DCA 1991), the First District held that there was not, stating:
In General Electric Company v. Gilbert, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), the Supreme Court held that discrimination on the basis of pregnancy was not sex discrimination under Title VII. However, in 1978, in response to the Gilbert decision, Congress amended Title VII by enacting the Pregnancy Discrimination Act of 1978 (PDA). 42 U.S.C. § 2000e(k). The PDA specifies that discrimination on the basis of pregnancy is sex discrimination, and therefore violative of Title VII. Florida has not similarly amended its Human Rights Act to include a prohibition against pregnancy-based discrimination.
O’Loughlin, 579 So.2d at 791 (footnote omitted).
We believe this holding in O’Loughlin[4] is in accord with the Act, and is by far the better reasoned decision. We therefore adopt it as our own. Accord DuChateau v. Camp Dresser & McKee, Inc., 822 F.Supp.2d 1325 (S.D.Fla.2011); Whiteman v. Cingular Wireless, LLC, 273 Fed.Appx. 841 (11th Cir.2008) (affirming summary judgment for employer where district court found that pregnancy was not a protected class under the Florida Civil Rights Act); Boone v. Total Renal Labs., Inc., 565 F.Supp.2d 1323, 1326 (M.D.Fla.2008) (“This Court agrees with those courts that have found that because the Florida legislature did not add language similar to the PDA [Title VII of the Federal Civil Rights Act as amended by Pregnancy Discrimination Act (PDA) ] to the FCRA when it was enacted in 1992 — after O’Loughlin — the legislature did not intend to include a proscription on pregnancy discrimination in the FCRA.”); Fernandez v. Copperleaf Golf Club Cmty. Ass’n, No. 05-286, 2005 WL 2277591 at *1 (M.D.Fla.2005) (“While plaintiff may be correct that the Florida Civil Rights Act allows a more extensive remedy than under the federal statute, the fact remains that pregnancy discrimination is not prohibited by the Florida Civil Rights Act and therefore the state statute provides no remedy for pregnancy discrimination.”); Frazier v. T-Mobile USA, Inc., 495 F.Supp.2d 1185, 1187 (M.D.Fla.2003) (“This Court is of the opinion that the FCRA does not provide for a claim of pregnancy-based discrimination.”); Swiney v. Lazy Days R.V. Ctr. Inc., No. 00-1356, 2000 WL 1392101 (M.D.Fla.2000) (relying on O’Loughlin and dismissing claim for pregnancy discrimination under FCRA); Zemetskus v. Eckerd Corp., No. 8:02-CV1939-T-27TBM (M.D.Fla. Apr. 1, 2003) (citing O’Loughlin and dismissing FCRA-based pregnancy discrimination-claim); Perrin v. Sterling Realty Mgmt., Inc., No. 3:02-CV-8044-20HTS (M.D.Fla. Nov. 4, 2002) (“As the legislature did not include the language from the PDA, it is presumed that it was aware of the O’Loughlin opinion and did not intend to include pregnancy-based discrimination in the FCRA.”); Hammons v. Durango Steakhouse of Bradenton, No. 8:01-CV-2165-T-23MAP (M.D.Fla. Mar. 7, 2002).
We certify conflict with Carsillo.
Affirmed.

. The Florida Civil Rights Act of 1992 (FCRA) provides in section 760.10:
It is an unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual’s race, color, religion, sex, national origin, age, handicap, or marital status.

. There is no question that the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e-2, explicitly provides that protection:
It shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual’s race, color, religion, sex, or national origin.
The Pregnancy Discrimination Act of 1978, (PDA), 42 U.S.C. § 2000e(k), specifies that discrimination because of pregnancy is sex discrimination and violative of Title VII: "The terms 'because of sex’ or ‘on the basis of sex’ include, but are not limited to, because of or on the basis of pregnancy[.]”
After the ruling below, Ms. Delva in fact brought an action under the federal act in the Dade County Circuit Court. After the case was removed to the federal district court, however, she voluntary dismissed the case without explanation.

. Ms. Delva's complaint alleged in part:
1. Count I is a pregnancy discrimination claim seeking declaratory and injunctive relief and damages to redress violations of Chapter 760, Fla. Stat. (the "Act”).
2. Plaintiff is female and she was discriminated against by Defendant because of her pregnancy.
3. Plaintiff worked for Defendant as a Front Desk Manager from October 2005 until October 2010.
4. In February 2010, Plaintiff told Defendant’s Property Manager and her Supervisor [ ] that she was pregnant. Immediately thereafter, [her Supervisor] started to treat Plaintiff in a disparate manner by scrutinizing and criticizing her work and initially refusing to approve plaintiff’s transfer from the night shift to day shifts despite having a doctor’s note requiring such a transfer.
5. Plaintiff complained ... that [her Supervisor] was treating her in a disparate manner due to her pregnancy.
6. In response to Plaintiff’s complaint, contrary to Defendant’s policy of allowing its employees to earn extra income by working extra shifts, [her Supervisor] refused to allow Plaintiff to earn more income by covering shifts and instead hired a temporary employee.
7. In July 2010, Plaintiff left on pregnancy leave. When Plaintiff was medically cleared to go back to work, Defendant never placed Plaintiff back on a work schedule. Similarly situated male employees who went out on medial leave were allowed to return to work.

. Because the issue is not before us, we express no opinion as to the merits of the alternative holding of O’Loughlin, that the plaintiff could proceed under the FCRA on a federal preemption analysis.