# Supreme Court of Florida

_____

No. SC12-2315
_____

**PEGUY DELVA,**
Petitioner,

vs.

**THE CONTINENTAL GROUP, INC.,**
Respondent.

[April 17, 2014]

PARIENTE, J.

The issue in this case is whether discrimination on the basis of pregnancy is prohibited by the provision in the Florida Civil Rights Act of 1992 (FCRA), section 760.10, Florida Statutes, that makes it "an unlawful employment practice" for an employer to discriminate based on an individual's "sex." § 760.10(1)(a), Fla. Stat. (2011). In Delva v. Continental Group, Inc., 96 So. 3d 956, 957-58 (Fla. 3d DCA 2012), the Third District Court of Appeal held that Florida law does not prohibit pregnancy discrimination in employment practices, and therefore affirmed the trial court's dismissal of the plaintiff's lawsuit, in which she alleges that her former employer took adverse employment actions against her, such as conducting

heightened scrutiny of her work and refusing to allow her to change shifts in violation of company policy, after she revealed that she was pregnant. The Third District certified that its decision is in direct conflict with the decision of the Fourth District Court of Appeal in <u>Carsillo v. City of Lake Worth</u>, 995 So. 2d 1118, 1120 (Fla. 4th DCA 2008), which held that the prohibition in the FCRA against sex discrimination in employment practices includes a prohibition on discrimination based on pregnancy. <u>Delva</u>, 96 So. 3d at 957-58. We have jurisdiction. <u>See</u> art. V, § 3(b)(4), Fla. Const.[1]

For the reasons that follow, we determine that the statutory phrase making it an "unlawful employment practice for an employer . . . to discriminate . . . because of . . . sex," as used in the FCRA, includes discrimination based on pregnancy, which is a natural condition and primary characteristic unique to the female sex. § 760.10(1)(a), Fla. Stat. We conclude that this construction of the statute is consistent with legislative intent, as expressed in the FCRA itself, that the FCRA "shall be liberally construed." § 760.01(3), Fla. Stat. (2011). Accordingly, we quash the Third District's decision in <u>Delva</u>, approve the result of the Fourth District's decision in <u>Carsillo</u> consistent with the analysis we adopt in this opinion,

_____

1. The National Employment Lawyers Association, Florida Chapter, which is an organization that consists of attorneys who represent employees in claims filed under the FCRA, filed an amicus curiae brief in support of the Petitioner.

and remand this case with directions that the trial court reinstate the plaintiff's complaint.

## FACTS AND BACKGROUND

In 2011, Peguy Delva filed a lawsuit against her former employer, The Continental Group, Inc., alleging that Continental took adverse employment actions against her due to her pregnancy, in violation of section 760.10 of the FCRA. Specifically, Delva, a front desk manager who worked at a residential property managed by Continental, alleged that Continental conducted heightened scrutiny of her work, refused to allow her to change shifts and work extra shifts despite Continental's policy permitting those actions, refused to allow her to cover other workers' shifts, and refused to schedule her for work after she returned from maternity leave.

The trial court dismissed Delva's complaint for failure to state a cause of action, and the Third District affirmed even though "there was no doubt as to the sufficiency of the allegation that the plaintiff was discriminated against" on the basis of her pregnancy. Delva, 96 So. 3d at 957. As the Third District explained, "[t]he discrete, single issue in this case is whether the Florida Civil Rights Act, section 760.10, Florida Statute[s], prohibits discrimination in employment on the basis of pregnancy." Id. (footnote omitted).

The Third District acknowledged that the Fourth District in <u>Carsillo</u>, 995 So. 2d at 1119, held that discrimination on the basis of pregnancy is prohibited by the FCRA. <u>Delva</u>, 96 So. 3d at 958. However, instead of following <u>Carsillo</u>, the Third District adopted reasoning from <u>O'Loughlin v. Pinchback</u>, 579 So. 2d 788 (Fla. 1st DCA 1991), in which the First District Court of Appeal stated as follows:

> In <u>General Electric Company v. Gilbert</u>, 429 U.S. 125 (1976), the Supreme Court held that discrimination on the basis of pregnancy was not sex discrimination under Title VII [of the federal Civil Rights Act of 1964, upon which the FCRA was patterned]. However, in 1978, in response to the <u>Gilbert</u> decision, Congress amended Title VII by enacting the Pregnancy Discrimination Act of 1978 (PDA). 42 U.S.C. § 2000e(k). The PDA specifies that discrimination on the basis of pregnancy is sex discrimination, and therefore violative of Title VII. Florida has not similarly amended its Human Rights Act[2] to include a prohibition against pregnancy-based discrimination.

<u>Delva</u>, 96 So. 3d at 958 (quoting <u>O'Loughlin</u>, 579 So. 2d at 791).[3] Accordingly, the Third District held that the FCRA does not encompass pregnancy

---

2. The Human Rights Act of 1977 was the former name of the FCRA until the Legislature changed the name in 1992. <u>See</u> ch. 92-177, § 1, Laws of Fla. Although the name has been changed and the Legislature made several other statutory revisions in 1992, as well as in the late 1970s and early 1980s, Florida law has prohibited discrimination in employment practices based on an individual's "sex" since the Human Rights Act was first enacted. <u>See</u> ch. 77-341, § 6, Laws of Fla. (stating that "[i]t is an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's . . . sex").

3. Although the Third District accurately quoted from <u>O'Loughlin</u>, it is not entirely clear whether the First District in <u>O'Loughlin</u> actually held that the FCRA does not encompass pregnancy discrimination. While the First District's decision stated that the FCRA does not "recognize[] that discrimination against pregnant

- 4 -

discrimination.  Id.  It also certified conflict with the Fourth District's decision in

Carsillo.  Id.

In Carsillo, 995 So. 2d at 1119, the Fourth District held that the FCRA

prohibits pregnancy discrimination "because the Florida statute is patterned after

the Federal Civil Rights Act, which considers pregnancy discrimination to be sex

discrimination."  The Fourth District reasoned that it was not necessary for the

Florida Legislature to amend the FCRA after Congress amended the federal act in

---

employees is sex-based discrimination," the First District's decision ultimately affirmed the appellant's recovery for pregnancy discrimination based upon a claim she filed under only the FCRA.  O'Loughlin, 579 So. 2d at 791, 792, 796.  As noted by the Fourth District in Carsillo, 995 So. 2d at 1120, reliance on O'Loughlin has produced varying results over the years, as the case "has been interpreted differently by federal district courts in which pregnancy discrimination claims have been asserted under the Florida Act."

Some courts have recognized that O'Loughlin actually affirmed an award of back pay for pregnancy discrimination under the FCRA, while others have interpreted O'Loughlin as construing the FCRA to prohibit recovery for pregnancy-based discrimination.  See, e.g., Boone v. Total Renal Labs., Inc., 565 F. Supp. 2d 1323, 1326 (M.D. Fla. 2008) (acknowledging that "[c]ourts have differed in their characterization of the O'Loughlin court's holding" and concluding that O'Loughlin stands for the proposition that the FCRA does "not cover pregnancy discrimination"); Jolley v. Phillips Educ. Grp. of Central Fla., Inc., No. 95-147-CIV-ORL-22, 1996 WL 529202, at *6 (M.D. Fla. July 3, 1996) (explaining that O'Loughlin "entertained a pregnancy-based discrimination suit" under the FCRA and recognizing a state law claim for pregnancy discrimination). Another federal court has recently acknowledged the confusion and inconsistency in the law in this area.  See Wright v. Sandestin Invs., LLC, 914 F. Supp. 2d 1273, 1281-82 (N.D. Fla. 2012) (noting that the Florida district courts of appeal are not in agreement as to "whether pregnancy discrimination is actionable under the FCRA"; observing that federal district courts in Florida are "divided on the issue," which has not been addressed by the Eleventh Circuit Court of Appeals; and anticipating this Court's ruling in this case).

response to Gilbert to specify that pregnancy discrimination is prohibited, since "Congress made clear in 1978 that its intent in the original enactment of Title VII in 1964 was to prohibit discrimination based on pregnancy as sex discrimination." Id. at 1120. Therefore, according to the Fourth District, because the FCRA has always prohibited pregnancy discrimination, "it was unnecessary for Florida to amend its law." Id. In support of its interpretation, the Fourth District cited to the statement of legislative intent found within the FCRA, which states that the FCRA "is to be liberally construed for victims of employment discrimination." Id. at 1121 (citing § 760.01(3), Fla. Stat.). We granted review of Delva to address the conflict.

## ANALYSIS

The conflict issue presented to the Court in this case—whether section 760.10, Florida Statutes, a provision of the FCRA, outlaws discrimination in employment practices based on pregnancy—is a matter of statutory interpretation. This is a pure question of law that we review de novo. See Maggio v. Fla. Dep't of Labor & Emp't Sec., 899 So. 2d 1074, 1076 (Fla. 2005).

Section 760.10 provides in pertinent part as follows:

(1) It is an unlawful employment practice for an employer:
(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

§ 760.10, Fla. Stat. (2011).

"When construing a statute, this Court attempts to give effect to the Legislature's intent, looking first to the actual language used in the statute and its plain meaning." Trinidad v. Fla. Peninsula Ins. Co., 121 So. 3d 433, 439 (Fla. 2013). Moreover, as to construing the FCRA specifically, this Court is guided by the stated statutory purpose in section 760.01(3), Florida Statutes, which provides that "[t]he Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved." § 760.01(3), Fla. Stat. (2011); see also Maggio, 899 So. 2d at 1077; Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So. 2d 891, 897 (Fla. 2002). As to the purposes of the FCRA, section 760.01(2), Florida Statutes, explains that "[t]he general purposes of the Florida Civil Rights Act of 1992 are to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status . . . ." § 760.01(2), Fla. Stat. (2011).

Section 760.10 does not specifically include the word "pregnancy" in listing the classes of individuals that are protected from employment discrimination practices under the FCRA. The FCRA does, however, explicitly make it an

"unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's . . . sex." § 760.10(1), Fla. Stat.

As the Massachusetts Supreme Court explained in determining whether its similar state law prohibiting an employer from discriminating on the basis of "sex" applied to employment discrimination claims based on pregnancy,

> the initial inquiry necessarily involves determining whether distinctions based on pregnancy are sex-linked classifications. Pregnancy is a condition unique to women, and the ability to become pregnant is a primary characteristic of the female sex. Thus any classification which relies on pregnancy as the determinative criterion is a distinction based on sex.

Mass. Elec. Co. v. Mass. Comm'n Against Discrimination, 375 N.E.2d 1192, 1198 (Mass. 1978).

We embrace the common-sense reasoning of the Supreme Court of Massachusetts that pregnancy is a natural condition unique to women and a "primary characteristic of the female sex." Id. Indeed, the capacity to become pregnant is one of the most significant and obvious distinctions between the female and male sexes. For this reason, discrimination based on pregnancy is in fact discrimination based on sex because it is discrimination as to a natural condition unique to only one sex and that arises "because of [an] individual's . . . sex." § 760.10(1)(a), Fla. Stat.

Liberally construing the FCRA to further its purpose to ensure that the women of this state are free from discrimination based on their sex, § 760.01(2)-

- 8 -

(3), Fla. Stat., we conclude that discrimination based on pregnancy is subsumed within the prohibition in the FCRA against discrimination based on an individual's "sex." As the Minnesota Supreme Court held regarding its state law that at the time "prohibited discrimination in employment on the basis of sex, but did not specifically mention pregnancy and childbirth," pregnancy discrimination is subsumed within sex discrimination, as "[a] woman should be no more burdened than a man if she chooses to combine the roles of parent and employee, simply because the woman must bear the child." Minn. Mining & Mfg. Co. v. State, 289 N.W.2d 396, 398, 400 (Minn. 1979). To conclude that the FCRA does not protect women from discrimination based on pregnancy—a primary characteristic of the female sex—would undermine the very protection provided in the FCRA to prevent an employer from discriminating against women because of their sex.

Importantly, this interpretation would also be plainly inconsistent with legislative intent, as expressed in the FCRA itself, that the FCRA "shall be liberally construed" to further its purpose "to secure for all individuals within the state freedom from discrimination because of . . . sex." § 760.01(2)-(3), Fla. Stat. Accordingly, we hold that Peguy Delva stated a cause of action for sex discrimination under the FCRA when she alleged that adverse employment actions were taken as a result of her pregnancy, and her complaint therefore should not have been dismissed.

In reaching our conclusion, we reject the reasoning of the Third District that ascribed legal significance to the Florida Legislature's failure to amend the FCRA to specifically state that it includes pregnancy discrimination after the United States Supreme Court issued its decision in Gilbert in 1976 and Congress amended the federal act in 1978 to specifically include discrimination based on pregnancy. See Delva, 96 So. 3d at 958. We also reject Continental's argument that the failure of the Florida Legislature to amend the FCRA after Gilbert to explicitly state that it includes pregnancy discrimination is an indication of the Legislature's original intent not to include pregnancy within the meaning of sex discrimination.

To the extent we are to indulge in any presumptions, it is equally notable that the Florida Legislature failed to amend the FCRA after the Fourth District in 2008 decided in Carsillo that the prohibition on sex discrimination in the FCRA included pregnancy discrimination. Carsillo, 995 So. 2d at 1119. Ultimately, however, we conclude that it is unnecessary to ascribe any meaning to subsequent legislative inaction in this context. Instead, a liberal construction of the FCRA to effectuate its purposes, as specifically provided for in the statute itself, makes clear that discrimination based on pregnancy, a natural condition unique to females and a primary characteristic of the female sex, is subsumed within the prohibition in the FCRA against sex discrimination in employment practices.

**CONCLUSION**

For the reasons explained above, we quash the Third District's decision in Delva, approve the result of the Fourth District's decision in Carsillo consistent with our analysis, and remand this case with directions that the trial court reinstate the plaintiff's complaint. We emphasize, however, that this Court has not been called upon to review the merits of the plaintiff's employment discrimination claim.

It is so ordered.

QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
LEWIS, J., concurs in result.
POLSTON, C.J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.


POLSTON, C.J., dissenting.

I respectfully dissent because the plain meaning of the Florida Civil Rights Act does not encompass pregnancy discrimination.

Specifically, section 760.10, Florida Statutes (2011) (emphasis added), of the Florida Civil Rights Act of 1992 provides the following:

> (1) It is an unlawful employment practice for an employer:
> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, <u>sex</u>, national origin, age, handicap, or marital status.

The plain meaning and fair import of the term "sex" as used in section 760.10 is gender, meaning whether one is female or male. See Merriam Webster's Collegiate Dictionary 1073 (10th ed. 2001) (defining "sex" as "either of the two major forms of individuals that occur in many species and that are distinguished respectively as female or male"); Garner's Modern American Usage 739 (3d ed. 2009) (defining the noun "sex" by referring the reader to the definition of "gender"). On its face, the term "sex" does not refer to whether one is pregnant or not pregnant even though that status is biologically confined to one gender. See Boone v. Total Renal Labs., Inc., 565 F. Supp. 2d 1323, 1325 (M.D. Fla. 2008) ("On its face, the FCRA does not cover pregnancy."); see also Gen. Elec. Co. v. Gilbert, 429 U.S. 125 (1976) (concluding that pregnancy discrimination does not in itself constitute sex discrimination while interpreting Title VII of the federal Civil Rights Act, which at the time included language very similar to Florida's current statute). Therefore, pursuant to the statute's plain meaning, section 760.10's prohibition against sex discrimination does not encompass discrimination on the basis of pregnancy.

Accordingly, I would approve the holding of the Third District, and I respectfully dissent. I also note that recourse for pregnancy discrimination unquestionably exists for Floridians under the plain meaning of current federal law. See Boone, 565 F. Supp. 2d at 1326-27 ("Title VII, as amended by the PDA,

provides a cause of action for pregnancy discrimination and thus is broader in its protections than the FCRA.").

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

 Third District – Case No. 3D11-2964

 (Miami-Dade County)

Travis Robert Hollifield of Hollifield Legal Centre, Winter Park, Florida,

 for Petitioner

Andrew Lawrence Rodman and Bayardo E. Aleman of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, Florida,

 for Respondent

Phillip Daniel Williams of Magid & Williams, P.A., Jacksonville, Florida,

 for Amicus Curiae The National Employment Lawyers Association, Florida Chapter