# Third District Court of Appeal

## State of Florida

Opinion filed December 17, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-3302
Lower Tribunal No. 11-40576
_____

**Claudia Granera,**
Appellant,

vs.

**Sedano's Supermarket #31, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Eddy O. Marban, for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez (Tampa), for appellee.

Before SHEPHERD, C.J., and LAGOA and SCALES, JJ.

PER CURIAM.

In December 2011, Appellant, Claudia Granera (Granera), filed a complaint against Appellee, Sedano's Supermarket #31, etc. (Sedano's), alleging that Sedano's had discriminated and retaliated against Granera because of Granera's pregnancy in violation of the Florida Civil Rights Act (FCRA), section 760.10, Florida Statutes (2011).

Sedano's filed a motion to dismiss Granera's complaint asserting that Granera was not a member of a class protected by FCRA.

Based on this Court's then-recent decision in Delva v. Continental Group, Inc., 96 So. 3d 956 (Fla. 3d DCA 2012) (Delva I), wherein this Court held that Florida law does not prohibit pregnancy discrimination in employment practices, the parties stipulated to the trial court's entry of an order of dismissal with prejudice. The trial court's November 2012 order of dismissal, however, expressly reserved Granera's right to prosecute an appeal.

In December 2012, Granera brought the instant appeal, which we held in abeyance while the Florida Supreme Court reviewed this Court's Delva I opinion.[1]

In April 2014, the Florida Supreme Court rendered a decision quashing our holding in Delva I. See Delva v. Continental Group, Inc., 137 So. 3d 371 (Fla. 2014) (Delva II).

---

[1] While this appeal was being held in abeyance, the trial court entered an order on May 30, 2014, dismissing the case for lack of prosecution. We vacate that order as having been entered inadvertently and without jurisdiction.

2

In light of <u>Delva II</u>, Sedano's properly conceded that the trial court's stipulated order of dismissal with prejudice should be reversed and remanded with directions that the trial court reinstate Granera's complaint.

Reversed and remanded for proceedings consistent herewith.