# United States Court of Appeals
## For the First Circuit

No. 05-1760

ALEJANDRO MIRANDA OTERO,

Plaintiff, Appellant,

v.

COMMONWEALTH OF PUERTO RICO INDUSTRIAL COMMISSION, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Circuit Judge,
Hansen, Senior Circuit Judge[*],
and Lynch, Circuit Judge.

Mauricio Hernández Arroyo, with whom Law Offices of Mauricio Hernández Arroyo was on brief, for appellant.
Sarah Y. Rosado-Morales, Assistant Solicitor General, with whom Salvador J. Antonetti-Stutts, Solicitor General, Mariana D. Negrón-Vargas, Deputy Solicitor General, and Maite D. Oronoz-Rodríguez, Deputy Solicitor General, were on brief, for appellees.

March 22, 2006

---

[*] Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

**LYNCH, <u>Circuit Judge</u>**.  The district court dismissed this purported First Amendment political discrimination claim brought by Alejandro Miranda-Otero ("Miranda") seeking a million dollars in damages from his employer, the Commonwealth of Puerto Rico Industrial Commission; the Commission's president, Gilberto Charriez-Rosario ("Charriez"); and several co-workers.  The co-worker defendants were Ayxa Rey-Díaz ("Rey"), the Director of the Commission's Legal Division, and Adalberto Pantojas-Fonseca ("Pantojas").  For good measure, Miranda also sued one Juan Rivera-Lomeño ("Rivera"), whom the complaint alleged was not a Commonwealth employee at all, but an employee of a private contractor who worked as a security guard at the Commission.

The original motion to dismiss, although captioned a Rule 12(b)(6) motion, attached evidentiary materials and was filed after there had been discovery.  The plaintiff did not, in opposition, file a Rule 56(f) affidavit or move to strike the materials.  The court allowed the motion to dismiss.[1]  Plaintiff subsequently moved for reconsideration and attached evidentiary materials of his own.  The court denied the reconsideration motion in a brief opinion and order.

---

[1] The court's initial order granting the motion to dismiss did not make reference to the evidentiary materials submitted by the defendants, but instead relied entirely on plaintiff's complaint and analyzed the dismissal request under Rule 12(b)(6) standards.

Miranda appeals, saying his complaint stated a claim and survives even if one considers the evidentiary facts relied on by the district court in denying his motion for reconsideration. It does not and we affirm.[2]

## I.

We review the district court's order of dismissal de novo and may affirm on any ground supported by the record. Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 127 (1st Cir. 2006). We accept as true all well-pleaded facts alleged by plaintiff in his complaint and draw in his favor all reasonable inferences fitting his stated theories of liability. Id.

### A.      Dismissal of Defendants Charriez, Pantojas, and Rivera

Miranda's complaint stated that he began working at the Commission while the New Progressive Party was in power in Puerto Rico, and that he was a supporter of then-Commission President Basilio Torres Rivera. During the spring and summer of 2003, the complaint alleged, Charriez, Pantojas, and Rivera took a variety of actions against him. Pantojas, a co-worker, allegedly told Miranda not to make photocopies in the Commission president's office, ordered him not to go to the bank during working hours, and prohibited him from using his laptop.

---

[2] The district court dismissed the Commission as a defendant on grounds of Eleventh Amendment immunity. This ruling is not contested on appeal.

The complaint alleged that on August 19, 2003, Rivera, the security guard, yelled at Miranda and threatened to attack him. The complaint also alleged that in September 2003, Charriez suspended Miranda from work for thirty days "for alleged acts of . . . disturbing the peace and insubordination." The district court dismissed Miranda's claims against these three defendants on the ground that Miranda had failed to allege they acted under color of state law, as required in § 1983 actions. See Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005).

We disagree with the district court's color of state law analysis, at least as to Pantojas and Charriez.[3] See Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005) (holding that the color of state law requirement was satisfied where the complaint challenged actions attributed to a state agency and its functionaries); see also West v. Atkins, 487 U.S. 42, 50 (1988) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").

---

[3] The district court was on somewhat firmer ground as to Rivera, who was not a government employee. See Logiodice v. Trs. of Me. Cent. Inst., 296 F.3d 22, 26 (1st Cir. 2002) (noting that "[b]roadly speaking, the Fourteenth Amendment protects individuals only against government . . . [though] under several doctrines, acts by a nominally private entity may comprise state action"). Plaintiff's theory was that Rivera was performing a government function, and so became a state actor. We need not resolve the color of state law question on the face of the complaint, for the reasons discussed below.

-4-

The district court nonetheless was correct to dismiss the complaint. The complaint failed to plead other elements of a political discrimination claim, whether or not the attached evidentiary materials are considered. It is true, as Miranda argues, that there are no elevated pleading standards for civil rights cases. See Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66-67 (1st Cir. 2004). However, that does not mean there are no standards. "[P]laintiffs are obliged to set forth in their complaint 'factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" Platten, 437 F.3d at 127 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)); see also Educadores, 367 F.3d at 68 ("[I]n a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why . . . .").

Here, Miranda failed to allege even the key elements of a political discrimination claim. See Borges Colon v. Roman-Abreu, 438 F.3d 1, 14 (1st Cir. 2006) (political discrimination doctrine shields some governmental employees "from adverse employment decisions based on their political affiliations" (emphasis added)). He failed to allege that any of the actions taken by Charriez, Pantojas, or Rivera were motivated by political discrimination against him. For that matter, plaintiff failed to allege that he

-5-

even belonged to a particular political party, or that the defendants knew of his political affiliation, or that the defendants belonged to a different political party.

Further, at least as to Pantojas and Rivera, Miranda failed to allege anything that could be termed an adverse employment action for purposes of a political discrimination claim. See Rosario-Urdaz v. Velazco, 433 F.3d 174, 178 (1st Cir. 2006) ("Employment actions short of outright dismissal or demotion are redressable if improperly motivated, but only if the employment action resulted in conditions 'unreasonably inferior' to the norm for that position." (citations omitted) (quoting Agosto-de-Feliciano v. Aponte-Roque, 889 F.2d 1209, 1218-19 (1st Cir. 1989) (en banc)) (citing Rutan v. Republican Party of Ill., 497 U.S. 62, 75-76 (1990)));[4] see also id. at 179 (holding that an altercation between plaintiff and a co-worker and the later transfer of the co-worker back into plaintiff's department did not constitute cognizable adverse employment actions). The district court did not err in dismissing plaintiff's complaint under Rule 12(b)(6) as to Charriez, Pantojas, and Rivera.

---

[4] Agosto-de-Feliciano was decided before the Supreme Court decision in Rutan, which rejected as too stringent another court's requirement that such actions be the "substantial equivalent of a dismissal," 497 U.S. at 75-76, and which included broad dicta as to what sorts of retaliatory acts in the workplace might trigger First Amendment protection, see id. at 76. We follow earlier panels in assuming that the "unreasonably inferior" standard is still viable. See Rosario-Urdaz, 433 F.3d at 178 n.3.

B.        <u>Dismissal of Defendant Rey</u>

Miranda's complaint stated that he filed criminal charges against Rivera after Rivera threatened him. The complaint alleged that at a subsequent hearing on those charges, Rey appeared on Rivera's behalf and "divulged . . . confidential and personal information" from Miranda's personnel record.

The district court concluded that Miranda had properly alleged that Rey acted under color of state law. It found that Miranda's claim nonetheless failed because he did not allege the other components of a political discrimination claim. We agree. Just as with the other defendants, Miranda's claim against Rey failed to allege that plaintiff engaged in constitutionally protected political speech or association, that Rey belonged to a different political party, or that Rey knew of plaintiff's political beliefs. While Miranda did allege that Rey released his personnel records "with the intention of causing harm . . . and in retaliation of his political believes [sic]," this is the sort of conclusory allegation, in the absence of any further facts in the complaint, which we have found insufficient to survive motions to dismiss under Rule 12(b)(6). <u>See</u> <u>Redondo-Borges</u>, 421 F.3d at 9. In any event, the claim was correctly found meritless on motion for reconsideration.

C.        Miranda's Leave-to-Amend Argument

Miranda never moved for leave to amend his complaint.  He nevertheless argues that the district court should have, <u>sua sponte</u>, granted him time to amend his pleadings, and that it should have pushed ahead with any remaining discovery.

The contention is meritless.  "Absent exceptional circumstances, a district court has no obligation to invite a plaintiff to amend his or her complaint when the plaintiff has not sought such amendment."  <u>United States ex rel. Karvelas</u> v. <u>Melrose-Wakefield Hosp.</u>, 360 F.3d 220, 242 (1st Cir. 2004).  No such circumstances are present here.  On the contrary, as defendants point out, even after the district court dismissed the case and Miranda moved for reconsideration, he <u>still</u> did not seek to amend his complaint.

Further, discovery was conducted in the case.  In Miranda's request for reconsideration, he referred to details from Charriez's deposition testimony and attached the full 251-page deposition.[5]  The district court did explicitly consider the evidence, which was undisputed.  The court recounted the entirely legitimate reasons, as shown by the employment record, for

---

[5] Although the district court did not address the point, we view the motion for reconsideration as having been decided, by agreement, under Rule 56, given the presence of the attached evidentiary materials and the lack of objection to their being considered.  <u>See</u> Fed R. Civ. P. 12(b); <u>see</u> <u>also</u> <u>Rodi</u> v. <u>S. New Eng. Sch. of Law</u>, 389 F.3d 5, 12 (1st Cir. 2004).

-8-

Charriez's decision to suspend plaintiff from his job and for Rey's decision to release information at the hearing. There was no evidence proffered to show that these were not the real reasons or were a pretext for political discrimination.

## II.

In the end, the plaintiff's case failed not just because of loose pleading, or a failure to amend, but because the evidence showed he has no cognizable case. The district court was correct to end the matter.

<u>Affirmed</u>. Costs are awarded to defendants.