# United States Court of Appeals
## For the First Circuit

No. 16-1385

PEDRO A. FLORES; ESTHER YANES-ÁLVAREZ; ROSA YANES,

Plaintiffs, Appellants,

v.

ONEWEST BANK, F.S.B.; INDYMAC MORTGAGE SERVICES; OCWEN
SERVICING, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Torruella, Selya, and Barron,
Circuit Judges.

Carmenelisa Pérez-Kudzma and Pérez-Kudzma Law Office P.C. on
brief for appellants.
Marissa I. Delinks, Maura K. McKelvey, and Hinshaw &
Culbertson LLP on brief for appellees.

March 23, 2018

**BARRON**, **Circuit Judge**.  This case concerns an appeal from the dismissal of a suit that challenges the lawfulness of a 2012 foreclosure sale of a home in Massachusetts.  The property at issue formerly belonged to the plaintiffs:  Pedro Flores, Esther Yanes-Álvarez, and Rosa Yanes.  Their complaint set forth numerous claims alleging, among other things, that the defendants -- OneWest Bank, Indymac Mortgage Services, Ocwen Servicing, and the Federal National Mortgage Association -- had engaged in unfair and predatory mortgage lending and loan servicing practices and that the foreclosure sale of the property was void.  We affirm the District Court's order dismissing all of the claims.

## I.

To set the stage, we recount the following facts as they are recited in the amended complaint.  On or about April 6, 2007, the plaintiffs refinanced their home mortgage loan for their home in Everett, Massachusetts.  The home mortgage loan was originated by Dynamic Capital Mortgage and secured by a mortgage on the property with Mortgage Electronic Registration Systems Inc. ("MERS"), which the mortgage named as mortgagee.

In 2008, the plaintiffs were unable to meet their monthly mortgage obligations and eventually defaulted on the mortgage.  On April 25, 2012, the plaintiffs applied for a loan modification from Indymac Mortgage Services, a division of OneWest Bank.  On May 11, 2012, Indymac denied the plaintiffs' application.  OneWest

effectuated the foreclosure pursuant to the statutory power of sale. Mass. Gen. Laws ch. 183, § 21. Defendant OneWest purchased the property at the foreclosure sale.

More than three years later, on November 15, 2015, the plaintiffs brought this suit in the District Court for the District of Massachusetts. The operative complaint set forth nine claims. The defendants moved to dismiss all of the claims, and the District Court granted the motion. The plaintiffs now appeal the dismissal of eight of the nine claims.[1] Our standard of review for an order granting a motion to dismiss is de novo. Rodi v. S. New England Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004). In performing the review, "[n]on-conclusory factual allegations in the complaint must . . . be treated as true." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**II.**

The plaintiffs' eight claims, which are all brought under Massachusetts law, fall into what amounts to four different categories. Three claims seek a judgment declaring that the foreclosure sale is void. A fourth claim is for an action to quiet title. A fifth claim is for breach of the duty of good faith and reasonable diligence. The final three claims at issue are brought

_____

[1] The one claim that the plaintiffs do not appeal was for unjust enrichment. The District Court dismissed that claim on the ground that unjust enrichment is a theory of equitable recovery, rather than an independent cause of action.

- 3 -

under two different consumer protection statutes.  For the reasons that follow, we affirm the dismissal of all of these claims.

**A.**

We begin with the three claims for which the plaintiffs seek a judgment declaring that the foreclosure sale is void.  The first of these claims contends that the sale is void because the defendants failed to comply with Massachusetts General Laws Chapter 244, § 15A ("§ 15A") in conducting the sale.  Section 15A requires a mortgagee conveying title to mortgaged premises pursuant to a foreclosure proceeding under the provisions of Chapter 244 to:

> [W]ithin thirty days of taking possession or conveying title, notify all residential tenants of said premises, and the office of the assessor or collector of taxes of the municipality in which the premises are located and any persons, companies, districts, commissions or other entities of any kind which provide water or sewer service to the premises, of said taking possession or conveying title.

Id.

The complaint alleged that the defendants violated this provision's thirty-day notification requirement by notifying the municipal tax-collector of the foreclosure sale only in March of 2013, which was approximately eleven months after the sale had occurred.  The defendants, in their motion to dismiss, argued that this claim was for a tort under Massachusetts law because they

contend that it alleged (albeit implicitly) that the defendants had conducted the foreclosure sale negligently and in bad faith. Accordingly, the defendants contended that this claim was time-barred, because it was filed outside the three-year statute of limitations that applies to tort claims under Massachusetts law. See Mass. Gen. Laws ch. 260, § 2A.

The District Court agreed with the defendants. Accordingly, the District Court dismissed the claim on that basis.

The plaintiffs now argue on appeal, as they did below in their complaint and in their opposition to defendants' motion to dismiss, that the claim is not subject to the three-year statute of limitations that applies to tort claims in Massachusetts because the claim seeks to declare the foreclosure sale void for having been carried out in violation of § 15A. The plaintiffs further contend that the claim is timely because no other time bar stands in the way of this claim.

The plaintiffs rely for this argument primarily on the Massachusetts Supreme Judicial Court's ("SJC") decision in Bevilacqua v. Rodriguez, 955 N.E.2d 884 (Mass. 2011). They point out that Bevilacqua establishes that, if a foreclosure transaction is void, "it is a nullity such that title never left possession of the original owner . . . . any effort to foreclose by a party lacking 'jurisdiction and authority' to carry out a foreclosure under [the relevant] statutes is void." Id. at 897 (internal

citations and alterations omitted).  And the plaintiffs then contend that it follows that "where a cause of action arises out of an alleged void transaction, there cannot be a statute of limitations because title never left the Appellants' possession."

Neither the District Court nor the defendants address the plaintiffs' contention that, in light of Bevilacqua, the claim is not subject to the three-year limitations period that applies to tort claims.  But, we need not decide whether the plaintiffs' argument concerning Bevilacqua has force.  Even assuming that it does, the plaintiffs' argument that the sale is void in consequence of the claimed statutory violation is clearly wrong.  And so we affirm the dismissal of this claim on that basis.  See Otero v. P.R. Indus. Comm'n, 441 F.3d 18, 20 (1st Cir. 2006) ("We review the district court's order of dismissal de novo and may affirm on any ground supported by the record.").

In so ruling, we observe that the plaintiffs base their contention that the foreclosure sale is void because it violated § 15A on Paiva v. Bank of N.Y. Mellon, 120 F. Supp. 3d 7 (D. Mass. 2015).  That case correctly noted that the SJC has held that violations of certain statutory requirements pertaining to foreclosure sales pursuant to Massachusetts General Laws Chapter 244 would render them void.  Id. at 11 (citing Pinti v. Emigrant Mortg. Co., 33 N.E.3d 1213, 1224 (Mass. 2015); U.S. Bank Nat. Ass'n v. Schumacher, 5 N.E.3d 882, 891 (Mass. 2014) (Gants, J.,

- 6 -

concurring); Eaton v. Fed. Nat. Mortg. Ass'n, 969 N.E.2d 1118, 1128 (Mass. 2012); U.S. Bank Nat. Ass'n v. Ibanez, 941 N.E.2d 40, 49 (Mass. 2011)). And Paiva also concluded that § 15A is one of the statutes pertaining to a foreclosure sale for which "the consequence of non-compliance is the invalidation of the foreclosure sale." Id.

Assuming that there was a violation of § 15A, the problem for the plaintiffs is that Paiva is a federal district court decision that expressly noted that there was, at the time of that decision, no state court precedent that directly addressed whether a violation of § 15A would render a foreclosure sale pursuant to Massachusetts General Laws Chapter 244 void. Id. at 11 & n.3. And since Paiva, the Massachusetts Appeals Court has held, albeit in an unpublished decision, that a mortgagee's failure to provide notice under the requirements of § 15A does not render the foreclosure sale void under Massachusetts law. Kiah v. Carpenter, 47 N.E.3d 53 (Mass. App. Ct. 2016), appeal denied, 56 N.E.3d 829 (Mass. 2016).

We see no reason to doubt Kiah's reading of Massachusetts law. See Stoner v. New York Life Ins. Co., 311 U.S. 464, 467 (1940) ("[F]ederal courts, under the doctrine of Erie Railroad Co. v. Tompkins . . . must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently."). We thus affirm the

dismissal of this claim on the ground that the sale is not void, even assuming it was carried out in violation of § 15A.

The plaintiffs also challenge the District Court's decision to dismiss as time-barred two of their other claims in which they seek to have the foreclosure sale deemed void. The plaintiffs do so by, once again, contending that, because these claims seek to declare the foreclosure sale void under Massachusetts law, the claims are not subject to the three-year limitations period that applies to tort claims in Massachusetts that the District Court applied in dismissing each of these claims. And the plaintiffs once again rely on Bevilacqua in so arguing.

These two claims allege, respectively, that the foreclosure sale was void because it was carried out in violation of Massachusetts General Laws Chapter 244, § 35A ("§ 35A") and that the foreclosure sale was void because it was carried out in violation of paragraph twenty-two of the mortgage instrument. Section 35A gives a mortgagor a ninety-day right to cure a payment default before foreclosure proceedings may be commenced. Paragraph twenty-two of the mortgage instrument concerns the mortgagee's provision of notice to the mortgagor of its default, its right to cure, and the remedies that are available to the mortgagee upon the mortgagor's failure to cure the default.

The District Court ruled that each of these claims was time-barred without addressing the plaintiffs' contrary contention

based on Bevilacqua, although the plaintiffs did raise that argument below. And the defendants do not address that argument on appeal. Nevertheless, we may bypass the plaintiffs' contention about how Bevilacqua bears on whether these claims are time-barred, because these claims fail on the merits.

The claim that the sale is void because it was carried out in violation of § 35A fails because the SJC held in Schumacher that an alleged violation of that statute does not void a foreclosure sale. 5 N.E.3d at 890. The claim that the sale is void because it was carried out in violation of paragraph twenty-two of the mortgage instrument fares no better. The plaintiffs point out that the SJC in Pinti did rule that a sale carried out in violation of the very same provision of the mortgage instrument that is set forth in paragraph twenty-two of this mortgage instrument is void. But, Pinti expressly provided that this ruling was to be given prospective effect only, 33 N.E.3d at 1226-27, and the foreclosure sale in this case took place before Pinti. Accordingly, we affirm the order of dismissal as to these two claims as well.

**B.**

We next turn to the plaintiffs' challenge to the District Court's dismissal of the claim in which they seek to quiet title. The District Court dismissed this claim on the ground that the plaintiffs did not have standing to bring it, because, in light of

- 9 -

the foreclosure sale, they do not hold both equitable and legal title to the property.  See Bevilacqua, 955 N.E.2d at 889 n.5. The plaintiffs do not contest the fact that, under Massachusetts law, they must have both legal and equitable title to the property to bring their quiet title action.  But, while the plaintiffs contend that they do have the requisite title because the foreclosure sale is void, we have already explained why the plaintiffs' arguments in support of that contention lack merit. As the plaintiffs advance no other argument that suffices to show that the District Court erred in dismissing this claim for lack of standing, we affirm the dismissal of this claim.

## c.

The plaintiffs next contend that the District Court erred in dismissing their claim for breach of the duty of good faith and reasonable diligence due to their having "reject[ed] an alternative to foreclosure and refusing to delay the foreclosure to fully consider a loan modification."  The District Court concluded, however, that the plaintiffs failed to point to any contract that required defendants to take the affirmative step of considering a loan modification and thus that there was no such duty.  See F.D.I.C. v. LeBlanc, 85 F.3d 815, 822 (1st Cir. 1996). And the plaintiffs identify no authority on appeal that suggests otherwise.  We thus affirm the District Court's ruling on this score as well.

Finally, we turn to the plaintiffs' challenge to the dismissal of their statutory consumer protections claims. The plaintiffs brought two of these claims pursuant to, respectively, Massachusetts General Laws Chapter 183, § 28C and Massachusetts General Laws Chapter 93A on the ground that, because the plaintiffs' April 6, 2007, loan was "unaffordable from the start," it was "unfair and illegal." The plaintiffs separately contend that the District Court also erred in dismissing their additional claim under Chapter 93A, in which they alleged that the "[d]efendants acted in an unfair and deceptive manner" when they refused to modify the loan.

The District Court dismissed all three of these claims on the ground that, as consumer protection claims, they were filed too late to comply with the four-year statute of limitations that applies to such claims pursuant to Massachusetts General Laws Chapter 260, § 5A. In so ruling, the District Court did not engage with the argument made by the plaintiffs that the statute of limitations should not apply because there were various irregularities in the loan. But, the plaintiffs provided no legal authority below, nor do they identify any on appeal, that would support their conclusory assertions that, in consequence of these alleged irregularities, the limitations period never began to run. Accordingly, these arguments fail. United States v. Zannino, 895

- 11 -

F.2d 1, 17 (1st Cir. 1990) (issues adverted to in a perfunctory manner are deemed waived).

The plaintiffs do argue that the "discovery rule" should apply to toll the statute of limitations "until the plaintiff knew [or] should have known of the alleged injury." Abdallah v. Bain Capital LLC, 880 F. Supp. 2d 190, 195 (D. Mass. 2012) (internal quotation marks omitted). But, the plaintiffs fail to specify what injury they had not discovered when the loan closed. Instead, they simply assert -- without explanation -- that it is of import that the loan in question was an interest only loan for the first ten years. Thus, this argument for tolling the statute of limitations fails as well.[2] Zannino, 895 F.2d at 17.

The plaintiffs also point out that, with respect to their claim under Chapter 93A that the defendants acted unfairly and deceptively when they refused to modify their loan, the injury occurred in May 2012. Thus, they contend that -- contrary to the District Court's ruling -- they brought their claim within the

_____

[2] The plaintiffs argue on appeal, for the first time, that the District Court was wrong to hold that a Chapter 183, § 28C claim should be subject to the time bar for consumer protection claims. The plaintiffs argue that a five-year statute of limitations should apply to that claim pursuant to Mass. Gen. Laws ch. 183C, § 15(b)(1). But even aside from the fact that this argument is made for the first time on appeal, see Me. Green Party v. Me. Sec'y of State, 173 F.3d 1, 4 (1st Cir. 1999), the argument is of no moment. The plaintiffs still can only avoid the time bar that they claim does apply to this claim if their tolling argument is correct, given that the time otherwise has run under that longer statute of limitations as well.

four-year statute of limitations for consumer protection claims because they filed their complaint in 2015.

The defendants respond, however, that, because they had no duty or obligation to consider the loan modification, there could not have been a violation of Massachusetts General Laws Chapter 93A, see Charest v. Fed. Nat. Mortg. Ass'n, 9 F. Supp. 3d 114, 125 (D. Mass. 2014) ("[A] failure to modify a loan under HAMP, without more, does not constitute a Chapter 93A violation.") (internal quotations and alterations omitted), and thus that we may affirm the dismissal of this claim on this alternative basis. As the plaintiffs did not reply to this argument and provide no authority to support the unlikely proposition that, where no express contractual or statutory obligation to modify a loan exists, a decision to deny a request to modify alone in and of itself states a claim under Chapter 93A, we affirm the dismissal of this claim. See Otero, 441 F.3d at 20.

Finally, the plaintiffs challenge the District Court's dismissal of their claim alleging unfair and deceptive practices in violation of the Federal Trade Commission Act ("Act"). See 15 U.S.C. § 45. The District Court ruled that the Act does not authorize a private right of action and therefore dismissed the claim on that basis. See Lee v. BAC Home Loans Servicing, LP, 2013 WL 212615, at *4 (D. Mass. Jan. 18, 2013).

The plaintiffs contend that the District Court misapprehended the nature of this claim. They contend that this claim was brought pursuant to Chapter 93A and merely alleged that the violation of that state law was predicated on the fact that the defendants had violated the federal statute.

Although the complaint did not reference Massachusetts General Laws Chapter 93A in this particular count, it did reference "unfair and deceptive practices." And plaintiffs did argue to the District Court prior to its ruling, as they argue on appeal, that this count alleged a Chapter 93A claim premised on a violation of the Act and not a claim under the Act itself.

But, even if the complaint may be read in the plaintiffs' preferred manner, we still affirm the dismissal of this claim. As the defendants note, Chapter 93A "requires claimants to set out specifically any activities in their demand letter as to which they seek relief. Separate relief on actions not so mentioned is foreclosed as a matter of law." Passatempo v. McMenimen, 960 N.E.2d 275, 293 (Mass. 2012) (quoting Clegg v. Butler, 676 N.E.2d 1134 (Mass. 1997)). Yet, as the defendants also note, and as the plaintiffs do not dispute, the plaintiffs' June 5, 2012, demand letter that stated claims under Chapter 93A made no mention of there having been any violation of the Act.

The demand letter was not attached to the complaint nor expressly incorporated by it, and thus consideration of this

- 14 -

document would normally be forbidden in the context of a motion to dismiss unless the proceeding was properly converted into one for summary judgment under Rule 56. <u>See</u> Fed. R. Civ. P. 12(b)(6). However, we have held that we may make "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." <u>Watterson</u> v. <u>Page</u>, 987 F.2d 1, 3 (1st Cir. 1993). And here, the plaintiffs did not dispute the authenticity of the demand letter when it was appended by defendants; the demand letter was central to plaintiffs' Chapter 93A claim; and the document was referred to in plaintiffs' complaint as a necessary "special element" of a Chapter 93A cause of action. <u>See</u> <u>Entrialgo</u> v. <u>Twin City Dodge, Inc.</u>, 333 N.E.2d 202, 204 (Mass. 1975) (noting that for Chapter 93A cause of action, plaintiff's complaint must allege that the plaintiff sent a demand letter to the defendant). Thus, because the demand letter made no mention of a violation of the Act, we affirm the dismissal of this claim, too.

## III.

For the foregoing reasons, we **<u>affirm</u>** the order of dismissal.