**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 21-1746

RICHARD LEE PAIVA,

Plaintiff, Appellant,

v.

PATRICIA ANNE COYNE-FAGUE, individually and in her Official
Capacity as Director of the Rhode Island Department of
Corrections; RHODE ISLAND DEPARTMENT OF CORRECTIONS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary S. McElroy, U.S. District Judge]

Before

Barron, Chief Judge,
Selya and Kayatta, Circuit Judges.

Sonja L. Deyoe, with whom Law Offices of Sonja L. Deyoe
was on brief, for appellant.
Ian P. Anderson, Senior Legal Counsel, Rhode Island
Department of Corrections, for appellees.

July 25, 2022

**BARRON**, <u>Chief Judge</u>. Richard Lee Paiva, who is serving a life sentence in a Rhode Island state prison, challenges the dismissal of the claims that he brought in the United States District Court for the District of Rhode Island pursuant to 42 U.S.C. § 1983 against the Rhode Island Department of Corrections ("Department") and its Director. Paiva alleges in these claims that Department officials made deductions from his inmate account as a charge for copies of documents that he requested and that, in consequence, the defendants violated his federal constitutional rights. We affirm.

## I.

Paiva alleges that a Rhode Island statute permits inmates to have money added to their "inmate accounts to purchase items" such as "video conference calls, commissary items, stamps, and the like." See R.I. Gen. Laws § 35-4-24(b). A different Rhode Island statute required that inmates "reimburse the state for the cost or the reasonable portion of the cost incurred by the state relating to [their] commitment," including "physical services and commodities such as food, medical, clothing and specialized housing, as well as social services." R.I. Gen. Laws § 42-56-38(a) (2020) (amended 2021). That same statute also required that before "assess[ing]" these fees, which must track an inmate's "ability to pay," the Department provide "a public hearing of proposed fee schedules." <u>Id.</u>

On June 4, 2020, Paiva sued the Department and its Director, Patricia Anne Coyne-Fague, in the federal District Court for the District of Rhode Island, pursuant to 42 U.S.C. § 1983, in connection with deductions that Department officials had made from his inmate account. Specifically, his operative, amended complaint ("complaint") alleges that "from time to time [he] arrange[s] to have documents copied" by the Department and that he is "required [by the Department] to pay" five cents per single-sided page copied, and ten cents per double-sided page copied. It further alleges that the Department deducted funds from his inmate account to cover the costs of the copies that he requested.

The complaint then sets forth one claim in which Paiva alleges that the deductions for the copying resulted in the defendants depriving him of his property without due process, in violation of the Due Process Clause of the Fourteenth Amendment; and another in which he alleges that the deductions for the copying resulted in the defendants taking his property without just compensation, in violation of the Takings Clause of the Fifth Amendment as incorporated by the Fourteenth Amendment. Finally, he also alleges in his complaint that the defendants deprived him of his right "to voice objections during the rule-making process" for setting the fees charged for the copies, in violation of the First Amendment as incorporated against Rhode Island by the Fourteenth Amendment.

- 3 -

Paiva seeks declaratory relief as well as an injunction to prohibit the "removal of funds from inmate accounts for copy cost[s]" until the promulgation of compliant regulations for the issuance of those charges. He also seeks an award of monetary relief, including reimbursement for "sums removed" from his inmate account.

The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The District Court granted the motion and dismissed Paiva's claims. See Paiva v. Coyne-Fague, C.A. No. 20-250, 2021 WL 3676901, at *2 (D.R.I. Aug. 19, 2021).[2] Paiva then timely filed this appeal. Our review of the District Court's dismissal of Paiva's complaint is de novo. See Flores v. OneWest Bank, F.S.B., 886 F.3d 160, 162 (1st Cir. 2018).

---

[1] The defendants also moved at that time to dismiss Coyne-Fague as an "improper defendant" on the ground that Paiva's complaint failed to link the allegedly unconstitutional conduct to her, but they do not renew that contention on appeal.

[2] Paiva brought his claims pursuant to Federal Rule of Civil Procedure 23, on behalf of a putative class of inmates who allegedly also had funds deducted from their inmate accounts to cover the costs of copies of documents that they had requested the Department to make for them. The District Court dismissed Paiva's claims as applied to him without certifying the class, and the claims as applied to a class are not before us in this appeal.

Paiva first challenges the District Court's dismissal of his claim that the defendants deprived him of his right to procedural due process through the deductions that were made from his inmate account to cover the costs of the copies of documents that he requested. The District Court dismissed this claim on the ground that Paiva "acknowledged in his complaint that he challenged these deductions through the grievance process set up by the prison" and that "[t]he existence of the state remedy defeats any claim he has that he was deprived of property without due process." Paiva, 2021 WL 3676901, at *1 (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). Paiva contends to us, however, that this ruling was in error, because his complaint alleges that the inmate grievance that he filed was ignored and that the state otherwise barred him from filing a civil lawsuit in state court to challenge the deductions.

But, this dispute over what sort of process Paiva received aside, he does not dispute that he received the copies for which he was charged or that he was apprised beforehand that he would be charged for them in the amounts that were deducted from his inmate account. And yet, even though the defendants suggested in their motion to dismiss that the deductions for the copying charges are "not deprivations" of his property for purposes of the Due Process Clause precisely because they merely cover the

costs of making the copies that he asked to be made, Paiva merely asserts in conclusory fashion on appeal that the deductions deprived him of his property. Thus, while Paiva is right that "an inmate has a property interest in the balances held in his accounts," Young v. Wall, 642 F.3d 49, 53 (1st Cir. 2011), we cannot divine an actionable deprivation from his allegation that he was charged for a service of whose costs he does not allege he was not apprised beforehand, cf. Lee v. Life Ins. Co. of N. Am., 23 F.3d 14, 20-21 & n.11 (1st Cir. 1994) ("Appellants purchased a 'product'-'service' from [state university] with full knowledge from the outset that health care fees . . . were a required component of the cost. We perceive no procedural infirmity."). We "may affirm [an] order of dismissal on any basis that is apparent from the record," Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016), and here Paiva has failed to develop any argument to us as to how he was deprived of his property rather than merely charged for the purchases that he made, see United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").[3]

---

[3] Paiva does assert in his reply brief to us in connection with this claim that the defendants deducted the copying charge "pursuant to a policy it unlawfully enacted and which was set forth in direct contravention of State law that required a hearing before its policy was enacted." But, at oral argument before this Court,

Paiva's challenge to the District Court's dismissal of his takings claim also fails. "[A] reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services." United States v. Sperry Corp., 493 U.S. 52, 63 (1989). Yet, Paiva develops no argument to us as to why he was not merely subjected to such a reasonable user fee, given that his complaint does not allege that the deductions were made for copies of documents that he never requested or received or at a price of which he was not made aware in advance.[4]

_____

Paiva's counsel represented that the state-law hearing requirement, though it is a predicate for the takings and First Amendment claims that we next discuss, is not a predicate for his due process claim. To the extent that Paiva means to suggest on appeal that this alleged violation of a state-law hearing requirement somehow bolsters his federal constitutional procedural due process claim, he does so for the first time in his reply brief, see United States v. Vanvliet, 542 F.3d 259, 265 n.3 (1st Cir. 2008) ("Arguments raised for the first time in a reply brief are waived." (citing United States v. Martí-Lón, 524 F.3d 295, 299 n.2 (1st Cir. 2008))), and without developing any argument as to how, see Zannino, 895 F.2d at 17.

And while Paiva appears to argue in his opening brief to us that the charges for making copies are "inextricably related to" his "ability to challenge his conviction and the conditions of his confinement," he does not develop an argument as to how that contention bears on his procedural due process claim. Moreover, the District Court explained that "[t]here is no direct claim here that Mr. Paiva's right to meaningful access to the courts is impaired. He has, in any event, not demonstrated the relationship between the seemingly nominal copying charge and denial of such access." Paiva, 2021 WL 3676901, at *2 n.2.

[4] Paiva does argue to us that he was entitled to discovery into whether the copying charge was set at an unreasonable or disproportionate rate. See Sperry Corp., 493 U.S. at 60-63. But, he does not allege in his complaint that the fee charged was unreasonable or disproportionate. See Vance v. Barrett, 345 F.3d

Finally, we see no merit in Paiva's challenge to the District Court's dismissal of his First Amendment claim, in which he alleges that he was "deprive[d]" of his "right[]" to "voice objections during the rule-making process" through which the Department set the copying charges. For, although he argues that the District Court erred in dismissing the claim because the Department's decision to set the copying charges without first holding a hearing on them constituted a "one-sided denial" of his "ability to participate in a public hearing," there is no "constitutional right to participate directly in government policymaking." Minn. State Bd. for Cmty. Colls. v. Knight, 465 U.S. 272, 284 (1984).

Paiva also appears to contend that Rhode Island's legislature, by enacting Rhode Island General Laws Section 42-56-38, created a "public forum," and that having done so, it could not "restrict" his speech by excluding him from it without "compelling reason" to do so. See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 800 (1985). We do not see how the Department's decision not to hold any hearing at all could have excluded Paiva from a relevant forum for First Amendment

1083, 1088, 1090 (9th Cir. 2003) ("Because Vance does not allege that the charges [the prison sought to deduct from the earnings in his inmate trust account] are unreasonable or unrelated to the administration of his account, his takings claim must fail.").

purposes.  Nor does Paiva explain how the state statute to which he refers could itself have established any forum from which he claims to have been excluded, where the state never interpreted the statute to require that it establish one.[5]

**III.**

We **affirm**.

---

[5] To the extent that Paiva's complaint can be understood to advance an independent claim that the defendants violated state law, either by violating the "public hearing" provision of Rhode Island General Laws Section 42-56-38 or by violating Rhode Island's Administrative Procedures Act, see R.I. Gen. Laws §§ 42-35-1 et seq., his counsel confirmed at oral argument that "there is no state law claim" before us.